BRADDOCK v. ENGLAND.

Opinion delivered September 28, 1908.

SALE OF LAND—FORFEITURE—WAIVER.—Where land was sold partly for cash and partly on credit, and a number of notes were taken payable monthly and stipulating that, upon default in the payment of any of said notes, the remaining notes should become due and payable, the sale should be void, and the amounts theretofore paid should be considered as rent for the use of the property, a forfeiture by reason of nonpayment of part of such notes at maturity was waived by the conduct of the vendor in habitually permitting payments to be made after default and after a third person had acquired rights in the land by levy of execution thereon.

Appeal from Pulaski Chancery Court; *Jesse C. Hart*, Chancellor; affirmed.

*C. P. Harnwell*, for appellant.

1. The contract involved in this case is valid, under repeated decisions of this court. 48 Ark. 413; 54 Ark. 16; 61 Ark. 266; 75 Ark. 410; 78 Ark. 574; 51 Ark. 218; 134 U. S. 68. Under the terms of the contract, the vendee, Luckett, when he defaulted in the payment of either of the purchase notes, elected to become the tenant of the vendor. 18 Am. & Eng. Enc. of L. 168; 20 Fla. 467; 66 Miss. 118.

2. Braddock was entitled to the return of his contract before delivering up the notes. He should have been permitted to testify, as he offered to do, that when he served notice upon Luckett to vacate he offered to return the notes and demanded the contract.

3. The execution under which the property was sold was void, because it was issued against Luckett and Bruce only of the several defendants named in the judgment. Kirby's Digest, § 3213.

*J. W. Blackwood,* for appellee.

1. Courts of equity do not favor forfeitures, and, where a reasonable interpretation of a contract will permit it, will adopt such construction of the contract as will prevent a forfeiture. 59 Ark. 405, 408; 77 Ark. 168; *Id.* 307.

2. Appellant must be held to have waived his right to a forfeiture by his indulgences to Luckett in the matter of receiving payments of notes past due, his refusal to tender a deed and demand the carrying out of the contract, and failure to return the notes that were unpaid and not due at the time of the filing of the suit. 75 Ark. 414; 83 Ark. 553; 12 L. R. A. 243; 38 Tex. 139; 27 Miss. 498; 2 Warvelle, Vend. & P. 849-880; 65 Ill. 42; 47 Ill. 243; 97 Mich. 412; 66 Ala. 28; 89 Ala. 405; 159 Ill. 65; 56 Ia. 616; 8 Paige, 426; 91 N. Y. App. 400.

3. After the case was submitted to the chancellor on its merits, it was no abuse of discretion to refuse to hear further testimony. Appellant's offer to testify to having demanded the contract and offered to return the notes at the time notice was served to vacate came too late.

HILL, C. J. On March 12, 1902, Braddock sold to William Luckett, a negro, the west half of lot 1, block 32, Braddock's Boulevard Addition to the city of Little Rock, for the sum of $400, fifteen dollars being paid in cash and the balance evidenced by 77 notes for $5 each, payable monthly. The agreement stipulated that, upon the payment of the purchase price, a deed would be made to the purchaser, and that, upon default in the payment of any of said notes, the remaining notes should become due and payable, the obligation resting upon Braddock to make a deed should become void, and the money theretofore paid on account of said purchase should be considered as so much rent paid by Luckett for the use of the property from the date of the instrument to date of such default in payment. Luckett went into possession of the property, but was irregular in making his payments. Braddock, however, was lenient with him, and took wood and groceries as credits upon said notes, and accepted small payments from time to time, the last payments being on June 3, 1905, July 29, 1905, and August 3, 1905. At the time of these payments, several notes were past due. In all he paid 36 notes.

Doyle obtained judgment against Luckett and others in the

Pulaski Circuit Court on April 4, 1905, which judgment was assigned to J. E. England, Jr., on the 23d of August; and on the 29th of August execution was levied upon the lot in controversy in favor of England, and the property was advertised for sale. Thereafter, on the 18th of September, Braddock notified Luckett to vacate the property, which he did, Braddock taking possession of it. On October 12th England bought the property at his own execution sale, Braddock at the time notifying the purchasers at the sale that England had no interest in the property.

The evidence fails to show any offer by Braddock to surrender the notes and contract of sale until after these transactions, although during the progress of the final argument he asked leave to introduce evidence showing that he had made such offer at the time he notified Luckett to vacate; but this was refused by the chancellor, evidently because coming too late. There is some controversy as to whether England made tender of the amount due Braddock after he purchased the land at the execution sale; but he claims that he understood that his attorney had made tender to Braddock. At any rate, tender was made and refused during the taking of the depositions.

England brought suit, offering in his complaint to pay into court all sums due Braddock and alleging that he had succeeded to the rights of Luckett, and he prayed for specific performance of the contract. The court found that Braddock had waived his forfeiture, and did not attempt to enforce it until after England had acquired rights in the property, and that Luckett was still indebted to Braddock in the sum of $305 for forty-two notes which remained unpaid. England was directed to pay said amount into court within five days, which he did; and thereupon it was decreed that all title to said land be divested out of Braddock and vested in England; from which decree of the chancellor Braddock has appealed.

The judgment was right. Braddock's course of conduct in habitually permitting payments to be made after default amounted in equity to a waiver of the forfeiture which he had theretofore been entitled to have demanded; and this waiver continued until after England had acquired rights in the property by levy of execution thereon. There could be no *nunc pro tunc* forfeiture. The principles governing this case are settled by *Little Rock*

*Granite Co.* v. *Shall,* 59 Ark. 405; *Bain* v. *Parker,* 77 Ark. 168; *Morris* v. *Green,* 75 Ark. 410; *Banks* v. *Bowman,* 83 Ark. 524.

Decree affirmed.

Mr. Justice HART, having presided in the chancery court, was disqualified and did not participate.