THREE STATES LUMBER COMPANY *v.* BOWEN.

Opinion delivered June 6, 1910.

1. SALES OF LAND—WHEN TIME OF THE ESSENCE.—Time may be made of the essence of a contract by the express stipulations of the parties or by implication from the very nature of the subject-matter or the avowed objects of the seller or the purchaser. (Page 531.)

2. SAME—FORFEITURE—WAIVER.—Even in cases where the parties to a contract of sale of land have expressly made time of payment to be of the essence of the contract, the right to insist on a forfeiture upon a failure to pay within the time may be waived by conduct on the part of him who has the right to insist on a forfeiture. (Page 532.)

3. SAME—WHEN FORFEITURE WAIVED.—Where a contract for the sale of land stipulated that time should be of the essence of the contract, but contained no provision that, upon a forfeiture for failure to pay part of the purchase money when due, the purchase money already paid should be forfeited, the vendor, by failing to return the money previously paid, will be held to have waived the forfeiture upon the vendee's failure to pay the remainder within the specified time. (Page 532.)

Appeal from Mississippi Chancery Court, Osceola District; *Edward D. Robertson,* Chancellor; affirmed.

*W. J. Lamb,* for appellant.

When time is of the essence of the contract, failure to pay promptly will work a forfeiture. *Friar* v. *Baldridge,* 91 Ark. 133; 48 Ark. 413; 54 Ark. 16; 61 Ark. 266. The contract is valid. 104 Am. St. R. 267; 65 Cal. 596; 52 Am. R. 310; 84 Cal. 316; 18 Am. St. R. 187; 24 Pac. 280; 3 C. Greene 128; 54 Am. Dec. 492; 19 N. J. Eq. 350; 31 Pa. 218. Time is of the essence when? 3 Ga. 100; 10 Allen 239; 38 N. H. 400; 2 O. St. 236; 59 Am. Dec. 677; 62 Fed. 654; 144 U. S. 395; 14 Tex. 373; 109 Fed. 280. In such case strict fulfillment is requisite to give a right to specific performance. 70 Ill. 553; 70 Hun 568; 24 N. Y. S. 280; 14 Daly 241; 31 Pa. St. 314; 89 Tex. 235; 34

S. W. 596; 9 Utah 260; 34 Ark. 51. Tender of the balance of the purchase price after the time designated will not entitle the vendee to specific performance.   87 Cal. 203; 22 Am. St. 240.

*S. S. Semmes* and *W. J. Driver,* for appellee.

If a party to a contract is, without his fault, prevented from a literal execution of his agreement, and a forfeiture is thereby incurred, equity will grant relief from the forfeiture.   25 Ark. 140.   One who seeks to rescind a contract must put, or offer to put, the other *in statu quo.*   72 Ark. 364; 70 Fed. 146.   Specific performance is purely within the sound discretion of the chancellor.   87 Ark. 593; 91 Ark. 133.

McCULLOCH, C. J.   Appellant was the owner of a tract of land in Mississippi County, Arkansas, containing 560 acres, and entered into the following contract for the sale and conveyance thereof to appellee:

"This agreement, made and entered into this 1st day of November, 1906, by and between the Three States Lumber Company, a corporation, of the State of Wisconsin, party of the first part, and H. E. Bowen, of the county of Mississippi, and State of Arkansas, party of the second part, witnesseth:

"That, upon the performance of the covenants and agreements of the party of the second part and the completion of the payments hereinafter set forth, the party of the first part hereby covenants and agrees to sell and convey to the party of the second part the following described real estate, towit: (Here follows description).   That, for and in consideration of the covenants and agreements of the party of the first part, the party of the second part hereby covenants, promises and agrees to pay to the party of the first part the sum of twenty-eight hundred ($2,800) dollars, cash in hand, the receipt of which is hereby acknowledged, and the further sum of fifty-six hundred ($5,600) dollars according to the tenor and effect of two promissory notes, amount of each note twenty-eight hundred ($2,800) dollars, of even date herewith, given by the party of the second part to the party of the first part, and payable on or before November 1, 1907, and November 1, 1908, respectively, with interest on both of said notes, payable annually at the rate of six per cent. per annum. * * *   And the said Three States Lumber Company hereby agrees that it will for-

ever warrant and defend the' title to said lands against the claims of all persons whomsoever, to the extent of fifteen ($15) dollars per acre; it being expressly agreed and understood by the parties hereto that this grantor shall not be liable on this agreement for more than said sum of fifteen ($15) dollars per acre for the whole of said tract, or any part thereof, to which the title may fail. * * * That time is of essence of this agreement, and that the covenants and agreements herein contained shall extend to and be binding upon the heirs, executors, administrators and successors and assigns of parties hereto."

Appellee made the cash payment at the time of the execution of the contract, and took possession of the land. He failed to make the next payment within the stipulated time, but offered, on January 18, 1908, to pay the amount due, and on November 1, 1908, he tendered the amount of the last payment, which became due according to the contract on that date. His excuse for failing to make the second payment within the time specified was that at that time there was a financial stringency prevailing throughout the country, and the banks refused to pay money on checks; that he tendered appellant a check for the amount due, which was refused, and that, as soon as the banks began to pay out money, he procured the necessary amount of currency, which was on January 18, 1908, and tendered it to appellant. Appellee seeks in this proceeding to compel specific performance of the contract, and tenders the full amount of the unpaid purchase price. The chancery court granted him that relief, and appellant brings the case here for review.

It will be noted from an inspection of the contract that it provides in terms that "time is of essence of this agreement." It does not expressly provide, in the event of appellee's failure to pay within the time named, for a forfeiture of his right to have the contract enforced, or for a forfeiture of the amount already paid on the purchase price of the land. "Time may be made of the essence of the contract 'by the express stipulations of the parties, or it may arise by implication from the very nature of the property or the avowed objects of the seller or the purchaser.'" *Cheney* v. *Libby,* 134 U. S. 68.

While equity will not ordinarily enforce forfeitures, still, where the payment of the price of the land is by express letter of the contract made a condition upon which the sale depends,

courts of equity will not refuse to follow the terms of the con-
tract; for to fail to do so would be to make a contract for the
parties which they had not themselves made. But, even in cases
where the parties have by contract made time of payment to
be of the essence of the contract, the right to insist on a for-
feiture by failing to pay within the time may be waived by con-
duct on the part of him who has the right to insist on a forfeit-
ure. Illustrations of implied waivers of the right to insist on
forfeiture may be found in many decisions of this court: *Brad-
dock* v. *England*, 87 Ark. 393; *Souter* v. *Witt*, 87 Ark. 593;
*Turpin* v. *Beach*, 88 Ark. 604; *Friar* v. *Baldridge*, 91 Ark. 133.

The Supreme Court of the United States, in an opinion
by Mr. Justice Harlan, used the following language, which has
already been quoted with approval by this court: "The discre-
tion which a court of equity has to grant or refuse specific per-
formance, and which is always exercised with reference to the
circumstances of the particular case before it, may, and of neces-
sity must, often be controlled by the conduct of the party who
bases his refusal to perform the contract upon the failure of
the other party to strictly comply with its conditions." (*Cheney*
v. *Libby, supra*).

Now, the evidence in this case shows that appellee was
not only a man of considerable means and abundantly responsible,
legally, for the obligation as expressed in this contract, but that
he had money in bank ready to use in the payment of the note
when it fell due. Without fault of his own, he was unable to
withdraw this money from the bank, and appellant refused to
accept a check and refused to extend the time of payment. As
soon as the banks resumed payment, appellee procured the cur-
rency and tendered the amount. Appellant refused to accept
it, and notified appellee, as it also did about the time of the
maturity of the note, that the contract would be treated as re-
scinded. Nowhere does it appear, however, that appellant has
ever offered to return the money ($2,800) which it had received
from appellee as the first cash payment on the land. On the
contrary, it is clear that appellant intends to retain this money
and still insist upon a forfeiture. The contract, to which we have
already called attention, contains no provision for a forfeiture,
on appellee's part, of the money which he paid; nor does it
provide, in the event of his failure to pay the purchase price

within the time named, for the appropriation of the money so paid to the satisfaction of any other obligation, or to the compensation of appellant for the rental value of or damage to the land agreed to be sold. Appellee could not, in an action at law, have recovered the money which he paid, for in such an action he would be met with the plea that the payment was voluntary; and that he had not complied with his own contract. But he is not insisting on a return of the money; he is in a court of equity asking for a performance of the contract and offering to perform his part of it. And he insists, and rightly, we think, that appellant, by retaining the money previously paid, has waived its right to insist on a forfeiture.

Mr. Pomeroy, in his work on Specific Performance of Contracts, § 394, says that "wherever time is made essential, either by the nature of the subject-matter and object of the agreement, or by express stipulation, or by a subsequent notice given by one of the parties to the other, the party in whose favor this quality exists—that is, the one who is entitled to insist upon a punctual performance by the other or else that the agreement be ended—may waive his right and the benefit of any objection which he might raise to a performance after the prescribed time, either expressly or by his conduct; and his conduct will operate as a waiver when it is consistent only with a purpose on his part to regard the contract as still subsisting, and not ended by the other party's default."

We are of the opinion that appellant, by failing to return the money previously paid, elected to treat the contract as still subsisting, and this was a waiver of the forfeiture which it had the right to claim by returning the money and declaring the contract to be at an end. This view is based, of course, upon the peculiar language of this contract, in which no forfeiture is expressly provided for, either as to the money paid or the right to carry out the purchase of the land. As the contract only made the payment of the money within the stipulated time a condition precedent, without providing for a forfeiture of the amount already paid on the purchase price, appellant, by keeping the money, treated the contract as still subsisting, and can not insist on a strict performance of the conditions within the specified time. It had the right either to return the money paid and treat the contract as at an end, or to keep the money and

insist on payment of the balance. But it could not keep the money paid and at the same time claim a. forfeiture because of appellee's failure to pay the remainder within the specified time.

Decree is therefore affirmed.