MEDLING *v.* STEWART & OLIVER.

Opinion delivered July 8, 1929.

McNalley & Sellers and *John M. Shackleford,* for appellant.

*Coulter & Coulter,* for appellee.

HUMPHREYS, J. Appellant brought this suit against appellees in the chancery court of Union County, First Division, to enforce specific performance of a contract whereby appellees agreed to allow appellant a one-eighth part of whatever royalty they might receive in the southwest quarter of the northwest quarter and the north half of the southeast quarter of the northwest quarter, all in section 3, township 17 south, range 14 west, in said county, by virtue of any compromise settlement appellant could effectuate, within thirty days from the date of the contract, in a suit then pending in the Second Division of said court, wherein Harrison *et al.* were plaintiffs and Perdue *et al.* were defendants, which suit was instituted by appellees herein as attorneys for Harrison *et al.* to recover certain mineral royalties in said real estate. Appellant alleged in his complaint and amendment there-

to that through his efforts a compromise was agreed upon within thirty days from the contract, which was later consummated by the execution of the necessary papers, whereby the appellees received a 1/32 royalty interest in said real estate, which entitled appellant to a 1/256 royalty interest under his contract with appellees. Appellant attached his contract with appellees to his complaint as an exhibit, which is as follows:

"El Dorado, April 20, 1928.

"If a settlement or compromise of the lawsuit of Dora Harrison and others against W. H. Perdue and others acceptable to Stewart & Oliver, and which they accept (is perfected), we agree to allow J. E. Medling one-eighth of any part (royalty or money) that we may receive as our share under our contract with the plaintiffs, provided such settlement or compromise is brought about or effected as the result of the efforts of J. E. Medling within thirty days from this date.

"Stewart & Oliver,
"By Zeb A. Stewart."

Appellees filed a general demurrer to the complaint and amendment thereto, which was sustained, and, appellant refusing to plead further, his complaint was dismissed, from which is this appeal.

The trial court sustained the demurrer to the complaint and amendment thereto upon the grounds, first, that the amendment relied upon by appellant did not sufficiently describe the land to enforce the contract relative thereto, and, second, that the contract had terminated by the lapse of thirty days before the compromise was consummated.

Appellant contends for a reversal of the decree of the trial court for the alleged reason that his complaint and amendment thereto state a cause of action.

1. The contract between appellant and appellees described the land by reference to the contract between appellees and their clients, Dora Harrison and others. The purport of the complaint is to the effect that appel-

lees entered into a contract with Dora Harrison and others to recover royalties for them in a sixty-acre tract of land particularly described as follows: Southwest quarter of the northwest quarter and the north half of the southeast quarter of the northwest quarter, all in section 3, township 17 south, range 14 west, in said county, and that appellees would convey him an undivided one-eighth interest in such part of the royalties as they might receive for their fee, in consideration for his services in effecting a compromise of the case satisfactory to them. The written contract furnishes a key by which the land may be identified and found. It refers to another contract definitely describing the land out of which the royalties should be recovered, and it was not void for uncertainty of description. *Tolle* v. *Curley,* 159 Ark. 175, 251 S. W. 377.

2. The complaint and amendment thereto alleged and the demurrer admitted that the compromise was agreed upon within thirty days from the date of the contract between appellant and appellees, but that it was not consummated until sometime thereafter. The general rule in equity is that time will not be regarded as of the essence of a contract unless so expressed by the parties thereto, or unless the nature of the agreement requires that it be so treated, and even then such a stipulation may be waived by the conduct of the parties. *Atkins* v. *Rison,* 25 Ark. 138; *Banks* v. *Bowman,* 83 Ark. 534, 104 S. W. 209; *Braddock* v. *England,* 87 Ark. 393, 112 S. W. 883; *Turpin* v. *Beach,* 88 Ark. 604, 115 S. W. 404; *Friar* v. *Baldridge,* 91 Ark. 133, 120 S. W. 989; *Three States Lumber Co.* v. *Bowen,* 95 Ark. 529, 129 S. W. 799. The contract in the instant case did not specifically provide that time should be of the essence thereof, and even though the language used was so construed, the alleged conduct of the appellees in urging appellant to continue his services in their behalf until the contract was finally consummated, and acceptance of the benefits thereunder, clearly waived the time limit in the contract.

On account of the error indicated the decree is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.