PATTERSON *v.* HOGSTEIN.

1. SUMMARY PROCEEDINGS — CIRCUIT COURT COMMISSIONER—SUMMONS—COMPLAINT—DATE—TIME—VENUE.

   Summons of a circuit court commissioner in a suit to dispossess the vendee of land, who was in default in his payments, was not invalid, although dated on the day after the complainant verified the complaint. Nor was the proceeding insufficient because the complaint was made and sworn to in another county than that in which the land lay.

2. VENDOR AND PURCHASER—NOTICE OF FORFEITURE—ELECTION.

   The proceeding before the circuit court commissioner was not prematurely commenced because the summons was issued on the same day that a second notice of forfeiture was served, though afterwards, complainant having served a prior notice from which a part of the land was omitted.

Error to Muskegon; Sullivan, J. Submitted October 9, 1914. (Docket No. 46.) Decided December 19, 1914.

Summary proceedings by Emma F. Patterson and another against William F. Hogstein for the possession of real property. Judgment for complainants in both courts. Defendant brings error. Affirmed.

*Turner & Turner,* for appellant.

*Walter I. Lillie,* for appellees.

OSTRANDER, J. The relations of complainants and defendant are respectively those of vendor and vendee in an executory contract for the purchase and sale of certain premises; defendant being in possession. The vendee defaulted, and the vendors elected to forfeit and determine the contract relations and to repossess

the premises. Written notice to this effect was given defendant and was followed by proceedings before a circuit court commissioner to recover possession. The commissioner, and later the circuit court on appeal, made an order for restitution of the premises, determining and stating the extent of defendant's default —the sum due and unpaid on the contract. The complaint was prepared and was signed and verified in Ottawa county and was transmitted by mail to the circuit court commissioner in Muskegon county, who issued the summons two days after the complaint was verified. The complaint was made on the same day that the last notice of forfeiture and to quit was served on defendant. This was February 2, 1914. The notice was served in the morning and the complaint was made afterwards. An earlier notice, which failed to describe a portion of the land, but which declared the contract under which the premises were held forfeited, was served on defendant June 26, 1913.

No testimony was offered by defendant, who rested in the court below and in this court upon the propositions: .

(1) That the circuit court commissioner did not acquire jurisdiction because summons was not issued on the day the complaint was verified; (2) the complaint was a nullity because verified in Ottawa county while the land sought to be recovered is in Muskegon county; (3) the complaint was made too soon, because defendant was entitled to the day on which the last notice was given to comply therewith and vacate the premises.

We are referred to no authority sustaining either proposition, and no good reason is given, and we know of none, for regarding them as meritorious. Complainants elected in June, 1913, to declare the contract forfeited. Out of abundant caution, notice of this election was repeated. Defendant owes a sum of

money, by reason of which and complainants' election he is wrongfully in possession of the premises.

The judgment saves all of his rights, and is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.