FRY *v.* MILLER.

VENDOR AND PURCHASER—FORFEITURE—ACCEPTANCE OF PAST-DUE PAYMENTS—WAIVER—NOTICE.
  Where the vendor in a land contract has accepted past-due payments, it is but equitable, in case he afterwards seeks to rely on the provision for forfeiture in the contract, to require him to give notice stating the amount due and his intention to declare a forfeiture if it is not paid within a stated time, which must be reasonable.

Appeal from Wayne; Goff (John H.), J.   Submitted October 6, 1922.   (Docket No. 36.)   Decided November 2, 1922.

Bill by Frank D. Fry against Frank P. Miller to redeem from a forfeiture of a land contract, and for specific performance thereof.   From a decree for plaintiff, defendant appeals.   Affirmed.

*Welsh, Bebout & Kahn,* for plaintiff.

*Albert McClatchey,* for defendant.

SHARPE, J.    Plaintiff seeks specific performance of a land contract of which defendant had declared a forfeiture and given notice thereof.    The contract price was $1,500.    Plaintiff had paid $1,183.50.    A few days after he received the notice of forfeiture, he tendered $300, and afterwards paid taxes amounting to $525.67.

In *Waller* v. *Lieberman,* 214 Mich. 428, we approved the rule stated in 39 Cyc. p. 1384, that where a vendor has accepted past-due payments it is but equitable in case he afterwards seeks to rely on the provision for forfeiture in the contract to require him to give a notice stating the amount due and his intention to declare a forfeiture if it be not paid within a stated time, which must of course be reasonable.    The trial court applied this rule and granted the relief prayed for.    The proofs justified him in doing so.    While the bill filed is for specific performance, we treat it as we did that in *Lozon* v. *McKay,* 203 Mich. 364, "as amended so as to ask for relief from the forfeiture."

The decree is affirmed, with costs to appellee.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.