LETINSKY *v.* SMITH.

1. VENDOR AND PURCHASER — FORFEITURE — ACCEPTANCE OF PAST-DUE PAYMENTS—WAIVER—NOTICE.

    Where the vendor in a land contract had waived strict compliance with the terms of the contract by accepting payments after due dates, thereafter before forfeiting the contract he should have given notice of his intention to do so, and allowed a reasonable time thereafter for performance.

2. SAME.

    The court may impose equitable conditions under which the vendee in a land contract may be relieved of the forfeiture.

Appeal from Wayne; Root (Jesse H.), J., presiding. Submitted June 14, 1922. (Docket No. 67.) Decided November 2, 1922.

Bill by David Letinsky against Frederick P. Smith to redeem from a forfeiture of a land contract, and for specific performance thereof. From the decree rendered, both parties appeal. Modified and affirmed.

*William Henry Gallagher,* for plaintiff.

*Corliss, Leete & Moody,* for defendant.

SHARPE, J. Defendant was vendor in a land contract dated November 1, 1919, relating to property in Detroit. Philip Abramowitz and wife were the purchasers. The consideration was $21,000. The plan of payment was $2,000 down,

"and the balance at the rate of one hundred sixty-five dollars ($165) per month or more, payable quarterly

220—Mich.—30.

on the first days of February, May, August and November, until the further sum of five hundred dollars ($500) has been paid on the principal hereof, and thereafter at the rate of one hundred fifty ($150) per month or more, payable quarterly as above, including interest on all sums at any time unpaid hereon," etc.

The purchasers were to pay taxes and insurance premiums. The contract also contained a provision that consent of the vendor in writing was necessary to assignment by the purchasers. It also provided that "time shall be of the essence of this contract." In April, 1920, the purchasers assigned to plaintiff Letinsky and one Fink, without defendant's consent in writing. The installment due May 1, 1920, was paid to defendant, by the assignees on May 10th. The installment due August 1, 1920, was paid to defendant by the assignees not earlier than August 10th. In October the interest of Fink was assigned to plaintiff. Plaintiff was absent from the State when the installment of November 1st came due. Defendant, early in November, "applied to their (Fink and Letinsky) office for a check," and being informed that plaintiff had left funds in a Detroit bank to pay the installment, called there and sought payment without success. Defendant was diligent in his efforts to collect the installment, until, as he says, he got disgusted, gave the matter to his attorney, and told him to proceed.

A representative of plaintiff requested time for remittance and payment by plaintiff and telegraphed plaintiff for the amount. On November 12th defendant caused to be served on the original purchasers notice of forfeiture accompanied by a demand for payment of the installment which had fallen due November 1st. The ground of the notice of forfeiture was failure to pay principal, interest and taxes. Defendant took possession of the premises.

On November 19th, a check came from plaintiff. Payment on behalf of plaintiff was then attempted. Defendant refused, saying that there was no use in offering it. Plaintiff filed a bill for specific performance of the contract, which, by amendment, was made a bill to redeem from the forfeiture. At the conclusion of the proofs, counsel for defendant stated in open court:

"We do not claim forfeiture because of the assignment. It was forfeited because of the nonpayment of taxes, interest and principal."

On March 31, 1921, plaintiff had decree permitting redemption upon payment of past due taxes of 1920, of all installments then past due with interest thereon, of "The further sum of $900 which shall be credited upon that part of the principal last falling due under said contract," and providing that plaintiff should have credit for rents collected by defendant, less certain expenditures, in the sum of $373.12. The record indicates an appeal by plaintiff. The return shows that both parties filed a claim of appeal.

Defendant waived strict compliance with the terms of the contract as regards time of payment by permitting payments after due dates as stated. Therefore, before forfeiting the contract he should have given notice of his intention so to do, and allowed a reasonable time thereafter for performance. See *Waller* v. *Lieberman*, 214 Mich. 428; *Fry* v. *Miller, ante,* 463.

The trial court therefore was right in permitting plaintiff to redeem. We need not consider the inconsistency of having a notice of forfeiture accompany a demand for payment, nor the failure to give notice to plaintiff. The court may impose equitable conditions under which plaintiff may be relieved of the forfeiture. *Hubbell* v. *Ohler,* 213 Mich. 664. We do not agree with the trial court that the provision

of the decree respecting the payment of $900 is equitable under the facts of this case, and we have concluded to eliminate it. Other modifications of such decree are made necessary by the lapse of time. Within 30 days from entry of decree herein, to have redemption from such forfeiture, the plaintiff must comply with the following:

(1) He shall pay all unpaid taxes, due or past due, for 1920 and subsequent years, as provided by the contract.

(2) If any of such taxes have been paid by defendant the amount thereof with interest at the contract rate shall be paid.

(3) All due and past due installments of principal and interest with interest at the contract rate shall be paid.

Such amounts, however, are subject to credit for the amount of $373.12 found by the trial court upon an account of rents and expenditures to the date of the decree March 31, 1921, and to an account of the rents and expenditures subsequent to such decree, which account and the amount to be paid for redemption, we hope, may be agreed upon by counsel, but if not so fixed, may be determined upon settlement of the decree.

The decree so modified is affirmed, without costs.

FELLOWS, C. J., and WIEST, McDONALD, BIRD, MOORE, and STEERE, JJ., concurred. CLARK, J., did not sit.