MALYS v. W. C. HOOD REALTY CORPORATION.

1. VENDOR AND PURCHASER—TIME NOT OF ESSENCE OF CONTRACT WHERE STRICT PERFORMANCE NOT ENFORCED.
   Where no payments were made on a land contract for over two years, and the vendor took no steps to forfeit it by reason thereof, it may be assumed that time was not of the essence of the contract.[1]

2. SAME—DEFAULT—NOTICE OF INTENTION TO FORFEIT NECESSARY.
   Where a vendor has permitted payments on a land contract to remain in default for a long time, before forfeiture may be enforced notice thereof and a reasonable time in which to make payment are necessary.[2]

3. SAME.
   A notice of forfeiture served upon the vendee which gave her no time in which to make payment and perform the contract was invalid to effect the purpose for which it was served.[3]

4. SAME—TENDER OF AMOUNT DUE BEFORE FORFEITURE MUST BE ACCEPTED.
   Where the vendee in a land contract, while in default but before the vendor had taken any steps to forfeit it,

[1]Vendor and Purchaser, 39 Cyc. p. 1342; [2]Id., 39 Cyc. pp. 1384, 1385; [3]Id., 39 Cyc. p. 1386.

tendered the balance due and demanded a deed, the vendor was in fault in not accepting said payment, and the fact that the vendee had already quit-claimed her interest to another was not an adequate reason for refusing, since the vendor could have protected itself by deeding subject to the outstanding contract.[4]

Appeal from Wayne; Carr (Leland W.), J., presiding. Submitted October 23, 1924. (Docket No. 138.) Decided December 19, 1924.

Bill by Catherine Malys against the W. C. Hood Realty Corporation for the specific performance of certain land contracts. From a decree for plaintiff, defendant appeals. Affirmed.

*Bresnahan & Groefsema,* for plaintiff.

*Bishop, Kilpatrick & Weaver,* for defendant.

BIRD, J. Plaintiff and her husband, Peter Malys, in October, 1916, purchased upon contract two lots No. 273 and No. 274, situated on Meldrum avenue, in the township of Hamtramck. The consideration was $650 each. A down payment of $65 on each contract was made. The contract provided that the balance should be payable on or before three years from date in monthly payments of $6.50. The payments were regularly made thereafter until some time in December, 1919, when dissension arose between Malys and his wife, and the payments were for a time omitted. Up to this time upwards of $400 had been paid on each contract. Subsequently plaintiff obtained a divorce and a decree for her husband's interest in these lots, and in January, 1922, she went to defendant and made an effort to make a final payment on them. Defendant refused to receive it, on the ground that she had, during the divorce proceeding, quit-claimed lot 273 to her counsel. Following this she made an effort to

---

[4]Vendor and Purchaser, 39 Cyc. p. 1566.

settle with her counsel and secure a reconveyance of the lot, but failing in this she filed a bill to obtain a reconveyance. This suit was heard a few days previous to the present one, and she was granted the relief which she sought.

On February 14, 1922, defendant served a notice of forfeiture on her and demanded possession of the premises. She then filed this bill for specific performance of her contract. The chancellor was of the opinion that upon payment of the amounts due, together with the interest thereon, and all taxes paid by the defendant, plaintiff should be entitled to have her contracts specifically enforced. Defendant, not being content with this disposition of the matter, has appealed.

The parties are in conflict as to what took place concerning the payments between December, 1919, and January, 1922, but passing over their respective claims in this regard it is agreed that there were no payments made between those dates, and defendant took no steps to forfeit the contract by reason of their omission. In view of this, we may assume, under our former holdings, that time was not of the essence of the contract. *Curry* v. *Curry*, 213 Mich. 309. After permitting the payments to remain in default so long, if defendant intended to insist upon payment or forfeit the contracts it should have given plaintiff notice thereof and a reasonable time in which to make the payment. It has been held that where there has been a waiver of the strict compliance with the terms of the contract as regards time of payment, a reasonable notice must be given in which to perform before the forfeiture becomes effective. Upon this rule Cyc. says:

"Whether time is or is not of the essence of the contract, if the vendor has waived a strict compliance with its terms as regards time of payment, he cannot thereafter rescind or forfeit the contract, without

notifying the purchaser of his intention to do so unless payment is made, and allowing him a reasonable time for performance, and it has been held immaterial whether the extension of time was upon a valuable consideration or not. After forfeiture for default has been waived, time becomes essential thereafter only where the vendor makes it so by proper notice and demand. The decisions proceed upon the theory that the vendor 'cannot use his own indulgence as a trap in which to catch the purchaser.' " 39 Cyc. p. 1384.

The foregoing rule was quoted and approved in the case of *Waller* v. *Lieberman,* 214 Mich. 439, where other cases are cited.

The notice of forfeiture which defendant served on plaintiff gave her no time in which to make payment and perform her contract. It was made effective at once. In view of this, we think the notice was invalid to effect the purpose for which it was served.

Beside this we are persuaded from the proofs that after January, 1922, defendant itself was in fault for not accepting payment which was tendered by the plaintiff. Defendant refused to accept payment on lot 273 because it had been quit-claimed to plaintiff's attorney. We do not think this was an adequate reason. Defendant had the legal title to both lots. It could have given plaintiff a warranty deed of lot 274, and a like deed to lot 273, subject to the outstanding contract. The fact that the outstanding contract might have been owned by another would not prevent the defendant from making a conveyance of the title to plaintiff, subject to that outstanding contract.

When plaintiff, in January, 1922, found she was unable to make settlement with her counsel and obtain a reconveyance of lot 273, she instituted a suit to secure it. The defendant did not give plaintiff an opportunity to have the matter determined in court,

but it forfeited the contracts at a time when it knew that she could not comply with its demand.

In view of the fact that we are of the opinion that defendant was in fault for not receiving its money in January, 1922, and the further fact that the notice of forfeiture was invalid, we are in accord with the decree which was made by the trial court. To enforce a forfeiture of plaintiff's contracts upon which she had paid upwards of $800 under the circumstances disclosed here would be manifestly unjust and inequitable.

The decree is affirmed, with costs of both courts to plaintiff.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.