SLIWINSKI v. GOOTSTEIN.

1. VENDOR AND PURCHASER — DEFAULT—WAIVER—NOTICE OF IN-
TENTION TO FORFEIT—WHEN TO BE GIVEN.

Where, although a land contract provided that time was
as of the essence of the contract, the vendors repeatedly
accepted payments after default had been made, they there-
by waived said provision as to time, and are precluded
from forfeiting the contract until they properly notify the
vendees of their intention to do so, and make proper
demand for the overdue payment.[1]

2. SAME — WAIVER — EQUITABLE ESTOPPEL APPLICABLE IN LAW
CASES.

The rule that a vendor in a land contract, by repeatedly
accepting payments that are in default, thereby waives the
provision making time as of the essence of the contract,
is applicable in actions at law as well as in suits in
equity.[2]

3. COURTS—COURT RULES—RESERVED DECISION—FAILURE OF COURT
TO MAKE DECISION IN TIME LIMITED BY COURT RULE.

Failure of the trial court to make decision on a motion
for a directed verdict, reserved under the provisions of
the statute, within the time limited by Circuit Court Rule
No. 44, did not arbitrarily divest the court of jurisdiction
to enter judgment non obstante.[3]

4. JUDGMENT—RESERVED DECISION—DIRECTED VERDICT.

Appellants' claim that there was no basis for a motion
for judgment non obstante because it does not appear that
a motion to direct a verdict was made at the close of
the testimony, as provided by 3 Comp. Laws 1915, § 14568,
and hence no decision could be reserved, is without merit,
where the judge's statement that such motion was made
and decision reserved is not denied by the record itself.[4]

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

A question not raised in the trial court will not be re-
viewed by the Supreme Court.

[1]Vendor and Purchaser, 39 Cyc. p. 1345; [2]Estoppel, 21 C. J.
§ 121; [3]Judgments, 33 C. J. § 114; [4]Id., 33 C. J. § 114.

Error to Wayne; Moynihan (Joseph A.) J.        Sub-. mitted October 22, 1925.        (Docket No. 58.)        De- cided March 20, 1926.

Ejectment by Joseph Sliwinski and another against Reuben Gootstein and others.        Judgment for defend- ants *non obstante veredicto*.        Plaintiffs bring error. Affirmed.

*Charles Bowles*, for appèllants.

*Beckenstein & Weinner*, for appellees.

CLARK, J.        Plaintiffs, vendors in an executory land contract, served notice of forfeiture on defendants, the purchasers, brought ejectment, and had verdict, but on a motion for judgment *non obstante* defendants had judgment.        Plaintiffs bring error.        The contract was made in 1917.        Two thousand dollars was paid down. Defendants promised and agreed to pay thereafter $125 or more on the 10th day of each month.        The contract states that "time shall be of the essence of this contract."        Defendants did not pay promptly. They were tardy, grievously and persistently.        On three different occasions plaintiff instituted summary proceedings, resulting each time in the payment of installments due and past due with costs, to be followed again by further delinquency.        All or nearly all in- stallments paid were paid after due.        Defendants did not pay installments due May 10th, June 10th and July 10, 1921.        Notice of forfeiture in usual form was served on defendants on July 14, 1921.        No other notice or demand was served on them.        This suit followed.

In ordering judgment for defendants the trial judge said:

"In this case the testimony bears out the fact that

payments never were made regularly, but rather were of an irregular nature, and that no matter when made or how made, the plaintiffs accepted them.    I believe the conduct of the plaintiffs in accepting payments in the manner that this record bears out, they waived the question of the provision having to do with making time of the essence of performance in the contract, and under the authorities they are precluded from forfeiting a land contract until they properly notify the defendants of their intention to do so, and to make a proper demand for the overdue payment;" citing *Zadigian* v. *Gard,* 223 Mich. 147.

In *Corning* v. *Loomis,* 111 Mich. 23, also cited by the trial judge, it was held:

"If the defendants had the right of possession by the terms of the contract, the mere failure to make payments as by the contract agreed would not, of itself, give the plaintiff the right of immediate possession. He must terminate the contract relations by notice of forfeiture or demand of possession."

The rule of the *Zadigian Case,* also followed in *Waller* v. *Lieberman,* 214 Mich. 428; *Fry* v. *Miller,* 220 Mich. 463; *Letinsky* v. *Smith,* 220 Mich. 465; and *Malys* v. *W. C. Hood Realty Corp.,* 229 Mich. 110, is thus stated in 39 Cyc. p. 1384:

"Where Strict Compliance With Contract Has Been Waived.    Whether time is or is not of the essence of the contract, if the vendor has waived strict compliance with its terms as regards time of payment, he cannot thereafter rescind or forfeit the contract, without notifying the purchaser of his intention to do so unless payment is made, and allowing him a reasonable time for performance, and it has been held immaterial whether the extension of time was upon a valuable consideration or not.    After forfeiture for default has been waived time becomes essential thereafter only where the vendor makes it so by proper notice and demand.    The decisions proceed upon the theory that the vendor 'cannot use his own indulgence as a trap in which to catch the purchaser.' "

Appellants say that this rule is not applicable because of the facts. We think that the statement of fact by the trial court quoted above is established beyond dispute. The proofs require the application of the rule in this case. Plaintiffs, before giving notice of forfeiture, ought to have given notice stating the amount due and the "intention to declare a forfeiture if it be not paid within a stated time, which must of course be reasonable." *Fry* v. *Miller, supra.* And the rule is applicable in actions at law as well as in equity. The cases last above cited are equity cases, but this court has applied the rule in an action of ejectment, *Treat* v. *Railway,* 157 Mich. 320 (133 Am. St. Rep. 347), and it was proper so to apply it. We quote from the opinion:

"We are of opinion that, before a forfeiture could be declared by plaintiff, he was bound to give notice of his intention to claim a forfeiture, coupled with a notice to defendant of the particular default of defendant relied upon by him. After such notice the defendant should have reasonable time in which to comply, and thus avoid forfeiture."

The principle involved in the rule is waiver, which is commonly employed both at law and in equity. Of course waiver has equitable elements, as the rule above quoted from Cyc. suggests, but it is not on that account to be employed solely in equity. Instances of its use in actions at law are waiver of proof of loss, or of appraisal, in suits on insurance policies. Other instances might be suggested.

If a vendor accepts a payment on the purchase price after it is due, he thereby waives his then existing right to declare a forfeiture because of the failure to make the payment on time. If such vendor should, after accepting the payment, declare a forfeiture because of the failure to make such payment on time and should institute an action of ejectment, the pur-

chaser might use such waiver in his defense.     Surely the purchaser to have benefit of such waiver need not file a bill in equity to be relieved of the forfeiture and to restrain such action at law.

If a vendor repeatedly accepts payments after due from the purchaser, habitually indulges him in delinquency, he thereby waives, as to future payments, strict compliance with the terms of the contract as regards time of payment, and he must give the said preliminary notice or demand before he can declare a forfeiture, and if forfeiture be declared without the preliminary notice, and ejectment instituted, the waiver may be used in defense of the action.

It might be well to add that reform respecting such delinquency may be accomplished by the vendor's giving to the purchaser notice of his intention to require prompt payment in the future.     In addition to the treatment given by Cyc., from which we have quoted, these matters are also fully considered, with ample citation of authority in a note, 9 A. L. R. 996, 1002, from which we quote:

"The vendor in a contract for the sale of real estate, by accepting a payment on the purchase price after the time specified in the agreement, waives as to that payment a provision that time is of the essence of the contract, and cannot thereafter declare a forfeiture of the vendee's rights under the contract because of the failure to make it on time.

"If the vendor in a contract for the sale of land, whereby time is made of the essence, repeatedly receives payments after the date when they are due, and thereby establishes a course of dealing inconsistent with insistence on the strict performance of the contract he cannot thereafter declare a forfeiture for a failure to make a payment promptly, unless he has given notice to the vendee of his intention to require prompt payment in the future."

And of a kindred doctrine of equitable estoppel, we quote from 24 Mich. Law Rev. 289:

"For a long time this doctrine was resisted in the law courts because of its equitable origin, but finally in all cases except those involving the transfer of title to land, estoppels *in pais* or equitable estoppels were as readily enforced in law as in equity.    *    *    * *Lang* v. *Lundy,* 185 Mich. 390.    As said a Michigan case:

" 'Estoppels *in pais* are called equitable estoppels, not because their recognition is peculiar to equitable tribunals but because they arise upon facts which render their application in the protection of rights equitable and just.    Courts of equity recognize them in cases of equitable cognizance; but the courts of common law just as readily and freely.'    *Barnard* v. *German-American Seminary,* 49 Mich. 444."

The judgment was ordered rightly.

It is said that the court lost jurisdiction to order judgment for defendants because the reserved decision on the motion to direct verdict was not made until after the time, limited by Circuit Court Rule No. 44, had expired.    This is answered by *Stepanian* v. *Moskovitz,* 232 Mich. 630.

Appellants also urge that there was no basis for motion for judgment *non obstante,* because it does not appear that a motion to direct a verdict was made at the close of the testimony, as provided by section 14568, 3 Comp. Laws 1915, and, hence, no decision could be reserved.

The trial judge stated in the record, "which motion to direct a verdict in favor of defendants and against plaintiffs was reserved by the court under the act." This is not denied by the record itself.    Too, it does not appear that this question was raised in the trial court.    Therefore it will be passed.

Judgment affirmed.

BIRD, C. J., and SHARPE, STEERE, WIEST, and McDONALD, JJ., concurred.

Justice MOORE took no part in this decision.

FELLOWS, J. (*concurring*). The holding of this court in *Treat* v. *Railway*, 157 Mich. 320 (133 Am. St. Rep. 347), justifies the opinion of my Brother CLARK. It is, however, in conflict with the later holding of this court in *McCreery* v. *Roff*, 189 Mich. 558. With some reluctance I concur in my Brother's opinion. I think, however, we should expressly overrule the *McCreery Case.*