### DRAKE v. LIPPMAN.

2. SAME—WHEN NOTICE AND REASONABLE TIME NOT REQUIRED.
   In summary proceedings by the vendors against the assignee of the vendees in a land contract, where it appeared that defendant took over the contract when it was in default and on notice thereof made one payment

[1]Vendor and Purchaser, 39 Cyc. pp. 1395, 1611.

of the several past due payments, made the next payment on time, and then refused to make any more payments unless given a liberal discount on paying the contract up, and that he was not lulled into a feeling of security by any act of the vendors, they had a right to insist on strict performance and declare the contract forfeited without first giving him notice and reasonable time in which to make payments.[2]

Error to Wayne; Brennan (Vincent M.), J.   Submitted October 22, 1925.   (Docket No. 114.)   Decided March 20, 1926.

Summary proceedings by Nettie V. Drake and another against Harry J. Lippman and another for the possession of certain real estate.   There was judgment for plaintiffs before the commissioner, and defendants appealed to the circuit court.   Judgment for plaintiffs.   Defendants bring error.   Affirmed.

*Harry J. Lippman* (*Ernest W. Ver Wiebe,* of counsel), for appellants.

*George H. Kretzschmar* and *John D. Harger,* for appellees.

FELLOWS, J.   On August 6, 1920, plaintiffs entered into a contract with Harry Cook and Catherine Cook, his wife, to sell them certain lots on Scotten avenue in Detroit for $7,000.   There was a down-payment of $1,500 with agreed monthly payments of $40.   The Cooks were given possession, and the contract contained the usual provision for forfeiture for failure to make payments.   March 8, 1924, the Cooks assigned their equity to defendant Lippman.   He gave notice of the assignment of the contract to him and in turn was notified that the contract was at default.   At this time there were past due monthly payments aggre-

[2]Vendor and Purchaser, 39 Cyc. p. 1611.
234—Mich.—6.

gating $200 which Lippman paid and which payment was accepted by plaintiffs' agent. The next month Lippman made the monthly payment. He had in the meantime opened negotiations with a view of paying up the balance of the purchase price if given a sufficiently liberal discount ($918.41). The plaintiffs declined to make this discount and defendant, although frequently requested, made no further payments on the contract. It appears from the record that plaintiffs sent defendant a notice of forfeiture by registered mail and that it was received and receipted for by his stenographer. A former suit brought before a circuit court commissioner resulted in defendant's favor because the notice of forfeiture was not personally served. A new notice of forfeiture was prepared and personally served. After waiting 12 days from its service and no payments being made, this suit was brought before the commissioner and resulted in a judgment for plaintiffs both before the commissioner and in the circuit, each court finding the amount due on the contract.

The sole defense in this proceeding is defendant's claim that plaintiffs, having accepted payments after they were due, cannot declare the contract forfeited and proceed to recover possession without first giving him notice and a reasonable time in which to make payments, and to sustain his contention he cites *Maday* v. *Roth,* 160 Mich. 289 (136 Am. St. Rep. 441); *John* v. *McNeal,* 167 Mich. 148; *Waller* v. *Lieberman,* 214 Mich. 428; *Fry* v. *Miller,* 220 Mich. 463; and *Zadigian* v. *Gard,* 223 Mich. 147. An examination of these cases shows that they were all equity cases in which equitable relief from the effect of a forfeiture on the ground of an equitable estoppel was granted and in all of the cases the vendees tendered the amount due. This is also true of *Letinsky* v. *Smith,* 220 Mich. 465, and *Malys* v. *W. C. Hood Realty*

*Corp.,* 229 Mich. 110.    In all of these cases the plaintiffs offered to do equity by paying all they owed on the contracts.    Here defendant refuses to pay anything unless a substantial discount is made.

In the case of *Sliwinski* v. *Gootstein, ante,* 74, my Brother CLARK has written that the doctrine of estoppel recognized in the equity cases above cited should be applied in an action of ejectment where the defaults have been repeated and persistent and have been waived by the vendor by the repeated acceptance of past due payments.    Whether the court should so hold is not, however, involved in the instant case. There the defaults were persistent and continued and the acceptance of payments repeated and numerous.    There the course of dealing had been for so long a time that the vendee had been lulled to insecurity.    Here defendant Lippman's assignor had not paid promptly and was in default when defendant took the assignment.    Upon receiving notice of the assignment plaintiffs' agent promptly notified him that the contract was at default and in one payment he cleaned up the past due payments and the next month paid on time.    He tried to get a discount of nearly $1,000 for cash, and, failing in that, refused payments entirely.    It is doubtful if he could have any standing in a court of equity.    He has not been lulled into insecurity; he has not offered to do equity; he could not come into equity with clean hands.    The note which my Brother cites and quotes from, found in 9 A. L. R. 996, deals exhaustively with the question and cites and considers the authorities at length. Under the head "Waiver of prior default," it considers the right of a vendor to declare a forfeiture for default in making a particular payment which he has accepted, and the first paragraph of the quotation from this note in my Brother's opinion is under this

head.    The editorial writer then under the head of "Waiver of subsequent default," lays down this rule:

"A vendor in a contract for the sale of real estate, in which time is an essential element, by accepting one or more payments subsequent to the time specified in the agreement, does not necessarily waive the vendee's delinquency as to future payments, or the right to insist on strict performance in the future; and on the vendee's default in subsequent payments the vendor may declare a forfeiture."

He then recognizes that there is an exception to this rule where the overlooked defaults are repeated and persistent and lays down the exception in the language quoted by my Brother in the second paragraph of the quotation.    The instant case falls clearly within the rule I have quoted and not within the exception.    When defendant made known the fact that he had bought the contract he was promptly notified that the contract was at default; one payment of past due instalments was accepted; when he persisted in nonpayment of the instalments he was first given notice by registered mail, another was given personally and he was given 12 days in which to pay before the proceeding was instituted; he then had under the statute (Act No. 243, Pub. Acts 1917 [Comp. Laws Supp. 1922, § 13253]) 30 days after the judgment in which to pay the amount due.    The trial judge correctly disposed of the case.    The following language of Justice OSTRANDER in *Patterson* v. *Hogstein,* 183 Mich. 470, where but technical defenses were made in a summary proceeding, is quite appropriate:

"We are referred to no authority sustaining either proposition, and no good reason is given, and we know of none, for regarding them as meritorious.    Complainants elected in June, 1913, to declare the contract forfeited.    Out of abundant caution, notice of this election was repeated.    Defendant owes a sum of money, by reason of which and complainants' election he is wrongfully in possession of the premises.

"The judgment saves all of his rights, and is affirmed."

The judgment in the instant case will likewise be affirmed.

BIRD, C. J., and SHARPE, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.

Justice MOORE took no part in this decision.