LIPPMAN *v.* CORT.

1. VENDOR AND PURCHASER—DEFAULT—SUMMARY PROCEEDINGS—
   TIME TO PAY AMOUNT FOUND DUE NOT PROLONGED BY APPEAL
   TO SUPREME COURT.
   
   Under the law as it stood previous to the enactment of
   Act No. 373, Pub. Acts 1927, a vendee in a land contract
   in default had 30 days in which to pay the amount found
   due after judgment against him in summary proceedings,
   on appeal to the circuit court, and save his rights under
   the contract, but this time was not prolonged by an ap-
   peal to the Supreme Court.

2. EQUITY—NO JURISDICTION TO RELIEVE FROM EFFECT OF LEGAL
   FORFEITURE.
   
   Where a vendee in a land contract in default had his day
   in court and exhausted his legal remedy by appealing to
   the Supreme Court from a judgment against him in the
   circuit court, on appeal in summary proceedings, where
   the judgment was affirmed, instead of paying the amount
   found due, a suit in equity to relieve him from the re-
   sulting forfeiture was properly dismissed; no equitable
   ground of relief being disclosed.

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted June 9, 1927. (Docket No. 58.) Decided
October 3, 1927.

Bill by Harry J. Lippman against Laura Cort to
set aside the forfeiture of a land contract. From a
decree dismissing the bill, plaintiff appeals. Affirmed.

*Lippman & Ver Wiebe,* for plaintiff.

*George H. Kretzschmar,* for defendant.

WIEST, J. Plaintiff purchased a vendee's interest
in a land contract. The vendor gave notice of for-

---

[1]Vendor and Purchaser, 39 Cyc. p. 1899; [2]Equity, 21 C. J. § 80.

feiture for nonpayment of installments and commenced
a summary proceeding before a circuit court com-
missioner to obtain possession. The circuit court
commissioner found the forfeiture and the amount due
under the contract and awarded possession of the
premises to the vendor. The statute gave plaintiff
herein 30 days in which to pay the sum found due and
save his rights under the contract. Plaintiff, instead
of paying, took an appeal to the circuit court. In
the circuit judgment was rendered in favor of the
vendor. Again plaintiff had a right to pay the amount
adjudged due and continue the contract. He did not
do so but gave bond and sued out a writ of error
for review in this court. This court affirmed the
judgment of the circuit court. *Drake* v. *Lippman,*
234 Mich. 80. Finding that, upon affirmance here,
the law accorded him no opportunity to pay the amount
found due in the circuit and thereby save his rights
under the contract, plaintiff filed the bill herein to
have the court of equity relieve him from the forfeiture
upon payment of the amount due on the contract. In
the circuit the bill was dismissed and a proposed
amendment denied. Plaintiff thereupon appealed.

The bill alleged no ground for equitable relief and
the proposed amendment thereto disclosed no equity.
Plaintiff has had his day in court upon the regularity
of the proceeding at law. Plaintiff undoubtedly sup-
posed that, after the decision of this court in the law
case, he would have a right to make payment of the
amount due and save the contract from forfeiture.
Such, however, was not the law at the time of affirm-
ance of the *Drake Case.* See *Smith* v. *Nelson,* 165
Mich. 438; *Security Investment Co.* v. *Meister,* 214
Mich. 337.

Act No. 373, Pub. Acts 1927, now extends time
for payment for 30 days after decision in this court
in case it is found "that the plaintiff is entitled to the

possession of the premises, in consequence of the non-payment of a sum of money." This act became effective after the appeal herein was submitted, and, of course, has no bearing upon rights and remedies of the parties fixed by law before its enactment. Plaintiff avers no ground upon which the court of equity may grant him relief.

The decree in the circuit is affirmed, with costs to defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.