WISPER *v.* DIX-FERNDALE LAND CO.

1. VENDOR AND PURCHASER — FORFEITURE — ACCEPTANCE OF PAST-DUE PAYMENTS—NOTICE—EQUITY.

Where the vendor in a land contract, whether time is or is not of the essence thereof, repeatedly accepts past-due payments, it is but equitable, in case he later seeks to rely on a forfeiture provision of the contract, to require him to give notice of the amount due and of his intention to declare a forfeiture if the same is not paid within a stated time, which must be reasonable.

2. EQUITY—JURISDICTION—GROUND OF EQUITABLE RELIEF MUST BE ESTABLISHED.

For the chancery court to exercise jurisdiction over matters not of general equity cognizance, but involved in the litigation, for the purpose of full and final adjustment of the whole controversy, some ground of equitable jurisdiction must in each case not only be asserted in the bill but be established upon the hearing.

3. SPECIFIC PERFORMANCE—WHERE NO GROUND OF EQUITABLE JURISDICTION SHOWN CASE SHOULD BE REMANDED TO·LAW SIDE.

Where, in a suit by the vendee for the specific performance of a land contract, it appeared that, at the time suit was commenced, plaintiff knew that defendant could not perform because the property had been conveyed to other parties, the case should have been remanded to the law side of the court instead of awarding plaintiff money damages; no ground of equitable jurisdiction being established.

Appeal from Wayne; Shepherd (Frank), J., presiding.   Submitted October 5, 1927.   (Docket No. 24.) Decided December 1, 1927.

Bill by Joseph Wisper against the Dix-Ferndale Land Company for specific performance of a land contract.

[1]Vendor and Purchaser, 39 Cyc. p. 1384; 9 A. L. R. 1001; 27 R. C. L. 453; 4 R. C. L. Supp. 1514; [2]Equity, 21 C. J. § 123; [3]Specific Performance, 36 Cyc. p. 747; Trial, 38 Cyc. p. 1290.

From a decree for plaintiff, defendant appeals. Reversed and remanded.

*Aaron Fellman* (*Frank A. Martin,* of counsel), for plaintiff.

*Goodenough, Voorhies, Long & Ryan,* for defendant.

FLANNIGAN, J. This is a bill for specific performance. Defendant, a domestic corporation, was the owner of a subdivision in Wayne county known as Dix Avenue Villas. On October 8, 1919, it entered into a land contract with plaintiff, Joseph Wisper, and one Joseph Schwartz for the sale of lot 152 of the subdivision for $4,500, of which $450 was to be paid down and the remainder in monthly installments of $45, including interest at 6 per cent. All taxes and assessments levied against the lot subsequent to the date of the contract were to be paid by the vendees. Time was made of the essence of the contract, and it provided, if the vendees made default in the matter of payments, defendant might immediately declare the contract forfeited. They made default, notice of forfeiture was given, and defendant resold the property to a *bona fide* purchaser for $5,000. Before suit was brought Schwartz assigned his interest in the contract to plaintiff. By letter and in his bill, plaintiff offered to pay the full balance of the purchase price and all interest and charges. On the hearing, evidence as to the value of the lot was introduced by both sides. It was conflicting.

The court found and decreed the notice was not sufficient in law as a declaration of forfeiture; that the property having been resold to other parties specific performance should not be ordered; that defendant breached the contract by rejecting an offer of the vendees made after the property had been resold to pay all arrears; that the case should not be remanded

to the law side of the court but retained to award plaintiff his damages; that the value of the lot at the date of the breach was $5,500; that deducting therefrom the balance due on the contract, interest, and taxes, plaintiff was entitled to $1,352.31; and defendant was ordered to pay him that sum with costs to be taxed.

The vendees made payments irregularly until April 14, 1921. These payments totaled $1,170. Thereafter no payments were made. The affairs of the subdivision were transacted by defendant through its agent, Houseman-Spitzley Corporation. On February 18, 1922, the agent wrote reminding the vendees of their delinquency, suggesting an arrangement to increase the monthly payments until the unpaid balance was wiped out, and warning they were under instructions to foreclose all defaulted contracts. To that letter the vendees made no reply. A second letter was written May 13, 1922, to the effect they felt compelled to follow instructions and foreclose, but added if the vendees were interested in protecting their equity, they should arrange immediately to resume the monthly payments. On the margin of this letter, which he returned to the agent, plaintiff wrote:

"We expect to raise money on our bldg. and if you can wait another 30 days we will be in a position to settle up."

To this request defendant's agent made no reply but defendant did in fact forbear not only for the period applied for, but upwards of four months, and then, on October 6, 1922, without further warning, the vendees were served with a notice reading as follows:

"Notices have been sent you regarding the condition of your account for the purchase of the above lot.

"Payments on this lot have not been taken care of according to the terms of your contract. We, therefore, declare your contract terminated and are proceeding to re-sell the property.

"Of course, all payments made by you to date are retained as liquidated damages."

The $45 installments were due and payable on the 8th day of each month. Aside from the initial payment of $450, the vendees made altogether 10 payments. With one exception, none of them were made on time. They were further in default respecting their agreement to pay taxes. The partial payments tendered were accepted by defendant and credited on the contract. Neither the letter of February 18th, nor that of May 13, 1922, from the agent to the vendees, stated the amount due or the intention of defendant to forfeit if the same was not paid within a time specified.

The facts of this case call for application of the rule that where a vendor in a land contract, whether time is or is not of the essence thereof, repeatedly accepts past-due payments, it is but equitable, in case he later seeks to rely on a forfeiture provision of the contract, to require him to give notice of the amount due and of his intention to declare a forfeiture if the same is not paid within a time to be fixed and stated, which must be reasonable. 39 Cyc. p. 1384; *Waller* v. *Lieberman*, 214 Mich. 428; *Fry* v. *Miller*, 220 Mich. 463; *Letinsky* v. *Smith*, 220 Mich. 465; *Zadigian* v. *Gard*, 223 Mich. 147; *Malys* v. *W. C. Hood Realty Corp.*, 229 Mich. 110; *Sliwinski* v. *Gootstein*, 234 Mich. 74.

The relief asked by plaintiff was specific performance, yet he freely admits he knew several months before the bill was filed the property had been sold and conveyed to another and for that reason specific performance was impossible. The court found and decreed plaintiff was not entitled to specific performance because of the sale of the property to other parties. When it appeared on the hearing defendant could not specifically perform and that that situation was known to plaintiff before he filed his bill, the case should have

been remanded to the law side of the court.     In *Robinson* v. *Campbell*, 222 Mich. 111, where the only relief sought was specific performance, and where it appeared the property in controversy had been conveyed by defendant under an order of court and plaintiff knew of that fact before he brought suit, it was held the sole ground of equitable jurisdiction alleged was not established and did not exist when the bill was filed and that the court of equity would not retain jurisdiction to award damages.     The court said further:

"For the chancery court to exercise jurisdiction over matters not of general equity cognizance, but involved in the litigation, for the purpose of full and final adjustment of the whole controversy, some ground of equitable jurisdiction must in each case be not only asserted in the bill but established upon the hearing."

In *Koontz* v. *Bay Circuit Judge*, 224 Mich. 463, 468, Justice FELLOWS, who wrote the majority opinion, said:

"There should be no disagreement over the rule that, where a court of equity has obtained jurisdiction of a controversy, it will retain jurisdiction for the purpose of administering full relief.     But the statement of the rule assumes that the court of equity has acquired jurisdiction.     Where the plaintiff by his proof fails to establish any of the grounds of equitable relief alleged in the bill the court of equity does not acquire jurisdiction and will not assume to settle controversies which are cognizable only at law."

The decree will be set aside, with costs of both courts to defendant, and the case remanded with liberty to the plaintiff to move for transfer to the law side of the court in accordance with the provisions of section 12351, 3 Comp. Laws 1915, or dismiss as he may elect.

SHARPE, C. J., and BIRD, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.