CLARK *v*. DEUPREE.

Opinion delivered May 28, 1928.

*G. G. Pope* and *Will Steel,* for appellant.

*Frank S. Quinn,* for appellee.

HART, C. J., (after stating the facts). It will be observed from our statement of facts that the testimony relative to the first contract between the parties is in direct and irreconcilable conflict. On the part of the plaintiffs it is shown that Mrs. Deupree had agreed to sell them the land for the price of $3,250, and that they had paid down in cash $200 of the purchase price, and were ready to pay the balance when Mrs. Deupree should pay some back taxes, amounting to $831, as she had agreed to do under her contract. On the other hand, according to the evidence for the defendants, Mrs. Deupree had sold her interest in the land for the net price of $2,500, and Mrs. Deupree had executed a deed to the plaintiffs for her interest in the land, with that sum as a consideration, which plaintiffs refused to accept. It was understood at the time that Quinn, as her attorney, had also an interest in the land, which was not considered in the purchase of Mrs. Deupree's interest, and for which he was to receive $1,000.

The conclusion we have reached renders it unnecessary to pass upon these disputed questions of fact.

According to the testimony of Frank S. Quinn, which is uncontradicted, he was not the agent of Mrs. Deupree for the sale of the land. He had merely been her attorney in former litigation regarding the land, and only assured the plaintiffs that she would ratify any contract he would make with them relative to the sale of the land. Hence, assuming that he did enter into the contract as claimed, or as testified to by the plaintiffs, Mrs. Deupree refused to execute such a contract, when informed of its terms. The mere fact that Quinn had been attorney for Mrs. Deupree in former litigation relative to the land did not make him her agent to sell the land; and, as we have already seen, according to his testimony, which is not contradicted on this point, he did not attempt to sell the land as

agent for Mrs. Deupree. Therefore conceding, without deciding, that the first contract was as testified to by the plaintiffs, such contract was not binding upon Mrs. Deupree, and was never ratified by her.

The plaintiffs testified that, as a matter of compromise, they had agreed to give $3,500 for the land. After the court had made its finding against them, they made a tender of $3,300 to the defendants, which, with the $200 already paid, would amount to $3,500. The court held that this tender came too late, and we think it was right in so holding. The plaintiffs had refused all the way through to pay $3,500 for the land, and in the meantime the defendants had entered into a binding contract with other parties to sell the land to them.

It follows that the decree of the chancery court was correct, and it will therefore be affirmed.