LYNCH DAVIDSON & CO. v. HUDSON.*
(No. 3619.)

Court of Civil Appeals of Texas. Texarkana.
Feb. 11, 1929.

Rehearing Denied Feb. 14, 1929.

*Writ of error refused.

Freeman, McReynolds & Hay, of Sherman, for appellant.

Head, Dillard, Smith, Maxey & Head, of Sherman, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant's contention is that the trial court erred when he held it did not have a right as against appellee, at the time it assumed to exercise such a right, to treat the contract between Charles M. Hudson and Lucas and Mayhew as forfeited. The contention is on the theory (1) that appellee had no interest in the property in question; (2) that, if appellee did have an interest in it, appellant, contrary to the conclusion reached by the court, did not have to notify her of its intention to do so before treating the contract as forfeited; and (3) that, if such notice to appellee was indispensable to the exercise by appellant of such a right, appellee had such notice.

So far as the theory is that it appeared appellee had no interest in the property, we think it is plainly without merit, in view of evidence showing (1) that she was in possession of the property at the time it assumed to treat her right thereto as forfeited; (2) that she paid a part of the cost of improvements placed thereon before she was divorced, with money belonging (the finding of the trial court seems to indicate) to her separate estate; (3) that the interest of Charles M. Hudson in the property was awarded to her by the judgment granting her a divorce; (4) that the said interest of Charles M. Hudson was afterwards by him conveyed to her; and (5) that Lucas and Mayhew did not insist on payments being made as provided in the contract, but accepted same when and as tendered by her contrary to its terms after she was granted the divorce and before they assigned the contract to appellant. We think the evidence referred to furnished ample support for a finding that appellee had an equitable title in the property entitling her to demand, as against Lucas and Mayhew, a conveyance of the legal title to her on payment by her of the unpaid part of the price Lucas and Mayhew were to receive for same. 1 Pomeroy's Eq. Jur., §§ 367, 368, 372; 4 Id., § 1406.

If appellee had such a right as against Lucas and Mayhew, they could not have deprived her of it by declaring a forfeiture of the contract without first giving her such notice of their intention to do so as would have afforded her a reasonable opportunity to exercise the right; for, as stated above, it appeared that said Lucas and Mayhew did not insist on a compliance with the stipulation in the contract as to the times and amounts of payments to be made thereunder, but accepted payments tendered at other times and in other amounts, thereby, as we think, waiving the provision in the contract entitling them to treat the contract as forfeited without such notice. Buck v. De Shazo (Tex. Civ. App.) 5 S.W.(2d) 878; Seaboard Bank & Trust Co. v. Amuny (Tex. Civ. App.) 6 S.W.(2d) 186; Hill v. James (Tex. Civ. App.) 7 S.W.(2d) 910; Phillips v. Herndon, 78 Tex. 378, 14 S. W. 857, 22 Am. St. Rep. 59; Berryman v. Schumaker, 67 Tex. 312, 3 S. W. 46; Tom v. Wollhoefer, 61 Tex. 279; Keator v. Ferguson, 20 S. D. 473, 107 N. W. 678, 129 Am. St. Rep. 947; McBride v. Stewart (Utah) 249 P. 114, 48 A. L. R. 267; Reinertson v. Grant, 140 Wash. 372, 249 P. 493; Retsloff v. Smith, 79 Cal. App. 443, 249 P. 886; Hopp v. Bergdoll, 285 Pa. 112, 131 A. 698; Boardman v. Bubert, 325 Ill. 38, 155 N. E. 784; Wisper v. Land Co., 241 Mich. 91, 216 N. W. 393; Sliwinski v. Gootstein, 234 Mich. 74, 208 N. W. 47; Pima Farms Co. v. Fowler (Ariz.) 258 P. 256. In the case first cited, which has support in the others, it was held, quoting from the syllabus, that, "in a suit by purchaser to compel specific performance of land contract where payment was overdue and vendor had granted indulgence, recognizing contract by acceptance of lease money as credit on purchase price, vendor had no right to rescind contract without notifying purchaser of purpose to do so and naming reasonable time in future when purchaser might perform his obligation, in default of which contract would be regarded as at an end," and, further, that "where vendor had granted indulgence by recognizing existence of contract although time specified for payment had passed, that if time was the essence of the agreement same was waived by treating contract as subsisting after specified time of performance." We conclude, on the authorities cited and others we have considered, but have not cited, that Lucas and Mayhew did not have a right to treat the contract as forfeited without giving notice to appellee of an intention to do so.

It being indispensable to the exercise by Lucas and Mayhew of a right to treat the contract as forfeited by appellee that they should have given her proper notice of their intention to do so, the question is: Was it also indispensable to the exercise by appellant of such a right that it should have given appellee such notice? The question must be answered in the affirmative, we think, in view of evidence showing that after Lucas and Mayhew assigned the contract and conveyed the land to appellant it retained money sent to it by appellee to be applied as a payment under the contract, and, in view of the recital in the deed to appellant, executed by Lucas and Mayhew at the time they assigned the contract to it, that it (the deed) was "made (quoting) subject to the rights of Mrs. Louise Hudson

in said premises." The effect of that recital, we think, was to put appellant on inquiry to ascertain what appellee's rights in the property were and to charge it with knowledge such inquiry would have enabled it to obtain. It cannot be doubted that such inquiry, diligently pursued by questioning Lucas and Mayhew and appellee and her tenant in actual possession of and using the property, and by an examination of the record in the divorce proceedings, would have resulted in full information to appellant as to the claim of appellee to the property. With such information appellant, as the assignee of Lucas and Mayhew, could claim and assert as against appellee no other or greater right than its assignors could have claimed and enforced against her. And it seems to us that appellant's retention and use for another purpose of the money appellee sent it to apply as a payment on the contract should be held to have operated to estop it from asserting a right to treat the contract as forfeited until it had given her proper notice of its intention to do so. Appellant had no right whatever to apply as a payment (as it did) on the account of the lumber company against Charles M. Hudson, which it had purchased, money paid to it by appellee to apply as a credit on the contract covering the sale and purchase of the lots.

The question remaining is: Did it appear that appellee had such notice as she was entitled to of appellant's intention to treat the contract as forfeited by her? We think the question should be answered in the negative. The assignment of the contract and the deed to the property from Lucas and Mayhew to appellant, as found by the court and shown in the statement above, was made November 1, 1922. The trial court found, and the finding had support in the testimony, that promptly thereafter appellant notified appellee's tenant (one Atteberry) in possession of and using the property that it owned same, and that he must thereafter pay them rent therefor, and that he did so. In that way appellant assumed and ever thereafter exercised control of the property, obtaining the rents and revenues therefrom and denying any right in appellee to same.

The judgment is affirmed.