WALKER and others *against* WHEELER and others. <span>*Ante,* 196.</span>

THIS was a bill in chancery, brought by *David Walker* and the heirs of *Nathan Nichols Walker,* against their sisters

Where a testator, having two sons and

two daughters, devised to his sons his real estate, on condition that they should, within a time specified, pay to his daughters, a sum of money, thereby making an unequal distribution of his property among his children in favour of his sons; and the devisees failed to pay the money by the time, in consequence of which, the heirs at law became entitled to the estate; it was held, that a court of equity would relieve against the legal effect of the breach of such condition, on a tender, by the devisees, of the money and interest.

In all cases, where a condition subsequent has not been performed by the time, and *compensation* can be made, a court of equity will grant relief.

*Hartford,*
November,
1817.

Walker
*v.*
Wheeler.

*Patience Wheeler* and *Ann Wheeler,* to regain their title to the real estate, which had been distributed to them, under a conditional devise of their father *Eliakim Walker,* and had been forfeited at law, by non-performance of the condition. The principal facts are contained in the statement of the case in the action at law *Wheeler* and *Wife* v. *Walker,* ante 196., and need not be repeated here.

This case was reserved, by consent of parties, for the consideration and advice of the nine Judges.

*Daggett* and *N. Smith,* for the plaintiffs, contended, that the condition annexed to the devise, was in the nature of a *security* for the payment of the money ; and that chancery will relieve against the legal effect of the breach of such a condition, because the party may be *compensated in money* for the non-performance. 2 *Com. Dig.* 408. 409. 410. 414. (*Rose's* edit.) 8 *Vin. Abr.* 336. 340. 1 *Eq. Ca. Abr.* 106, 7, 8, 9. *Popham* v. *Bamfield,* 1 *Vern.* 83. *Woodman* v. *Blake,* 2 *Vern.* 222. *Barnardiston* v. *Fane & al.* 2 *Vern.* 366. *Northcote* v. *Duke, Ambl.* 513, 4. 1 *Madd. Chan.* 36, 7.

*Sherman* and *Chapman,* for the defendants, referred to *Maston* v. *Willoughby,* 2 *Eq. Ca. Abr.* 211. *pl.* 2. and *Simpson* v. *Vickers,* 14 *Ves.* jun. 341. as not entirely reconcileable with the doctrine advanced by the plaintiff's counsel. But whatever the course of *English* precedents may be, they insisted, that the question was *res integra* in this court, and ought to be decided here on *principle.* It is equitable, as well as consonant to the policy of our laws, that children of the same parents should take equal portions of his property. It has so happened, that the daughters in this case, have a *legal title* to the land in controversy, and including such land, their portions will not equal the portions of the sons. Then, why should a court of equity interpose to take from the daughters their legal rights, or to give to the sons what equity does not demand ? Until the sons can shew that they have greater equity than the daughters, the law ought to take its course.

Swift, Ch. J. This was a devise of real estate to the sons of the devisor, they paying to each of his daughters three hundred dollars within one year after his decease. The

devisees failed to pay that sum within the year; and it has been decided by this Court, that this was a conditional devise, and the devisees not having performed the condition, have no title at law. This is now an application in chancery, stating a tender of the money, and praying for a title to the lands according to the will.

It is a plain rule, that where a condition has not been performed by the time, and compensation can be made, a court of equity will interpose, and grant relief.

But it is insisted, that it appears from the will and the facts agreed, that a much larger estate was given by the devisor to his sons, than to his daughters; and they having failed to perform the condition, by which they have lost their title at law, it is now most equitable that the estate should be divided among the heirs of the devisor, by which the daughters will receive their share; and that it is unreasonable that a court of equity should interfere, and take away the legal estate from the daughters, and give it to the sons, who have a less equitable right, as they have already received a much larger share of the estate than the daughters. But in these cases, courts of equity cannot be governed by such considerations. It is a fundamental principle of law and equity, that every man has a right to dispose of and give away his property after his decease, in such manner, as he may think proper, provided he conforms to the rules of law; and the will of the testator must be pursued and carried into effect, if legally expressed. Here, the intent of the testator was to give the lands to the sons, and though they have not literally complied with the conditions of the devise, so that the estate is gone at law, yet a court of equity, by well known and long established rules, is now as much bound to regard the intent of the testator, and to give it effect, as a court of law would have been, had the conditions of the devise been performed. No injustice, then, is done in taking the estate from those who have the legal title; for this is carrying into effect the intent of the testator, who had an indubitable right to dispose of his estate in this manner.

I should advise, that the prayer of the bill be granted.

HOSMER, J. It has been the invariable practice in equity, to relieve against forfeitures arising from the breach of *conditions subsequent*, where compensation can be made for the

*Hartford,*
*November,*
*1817.*

Walker
*v.*
Wheeler.

failure of precise performance. *Popham* v. *Bamfield & al.* 1 *Vern.* 85. *Woodman* v. *Blake,* 2 *Vern.* 222. 1 *Eq. Ca. Abr.* 107. *& seq.* " Wherever the court can give satisfaction or compensation for the breach of a condition, they can relieve." *Grimston* v. Lord *Bruce & ux.* 1 *Salk.* 156. It has been done in behalf of the voluntary devisee against the heir at law. *Barnardiston* v. *Fane & al.* 2 *Vern.* 366. The present case is free from doubt ; and the relief sought is entirely conformable to good conscience.

The other Judges were of the same opinion, except GOULD, J., who gave no opinion, having been of counsel in the cause.

Relief to be granted according
to the prayer of the bill.