2182.

## JOHN BERRYMAN *v.* W. T. SCHUMAKER ET AL.

CONDITION SUBSEQUENT—DEED.—A parent, aged and infirm, conveved by
warranty deed real estate to her son and grandson, the expressed con-
sideration being that the grantees should pay to her annually, in quar-
terly installments, a designated sum for her support, and if not paid it
should be lawful, whenever the grantor elected to do so, to take posses-
sion of the granted premises and enjoy the property "as in her former
estate." The grantees also signed the instrument, which contained a
covenant for the payment of the installments. The parent died after
the first installment fell due, and which was not paid. *Held:*

(1) The payment of the installments was a condition subsequent, en-
forceable at the option of the grantor.

(2) The grantor having died without having claimed a forfeiture, the
title remained with the grantee, subject to the payment to the estate of
the instalment past due.

APPEAL from Grimes. Tried below before the Hon. Benton
Randolph.

*Boone & Cobb* and *W. B. Durham,* for appellant, cited Rainey
v. Chambers, 56 Texas, 17; Webster v. Mann, 52 Texas, 416; Gib-
son v. Fifer, 21 Texas, 260; Jackson ex dem. Reeves v. Topping,
1 Wendell, 388; Thomas v. Record, 47 Maine, 500; 4 Kent's Com-
mentaries, 123, 124; 2 Washburne on Real Property, sections 15-
20, and Gray v. Blanchard, 8 Picking, 284.

*W. W. Meachum* and *Hutcheson & Carrington,* for appellees,
cited Rainey v. Chambers, 56 Texas, 21; Farris v. Bennett's Ex-
ecutors, 26 Texas, 572; 4 Kent's Commentaries, sections 132, 133,
12th edition; 2 Parsons on Contracts, section 511, and note F, 6th
edition, and section 681; Central Bank v. Pinder, 46 Barbour, 467;
Waterman on Specific Performance of Contracts, section 437,
page 598; section 471, page 657, and note 3; section 478, page 669;
section 483, page 677; Crabb on Real Property, section 2160;
Walker v. Wheeler, 2 Connecticut, 299; Morris v. Hoyt, 11 Mich-
igan, 9; Staley v. Murphy, 47 Illinois, 241; 4 Indiana, 628; 26
Maine, 525; Whalley v. Whalley, 1 Mercer, 446; Shepherd v.
Bevin, 9 Gill, 32.

GAINES, ASSOCIATE JUSTICE.    On the twenty-first day of November, 1879, Nancy Berryman conveyed the property in controversy to her son, William Berryman, and her grandson, W. T. Schumaker.    The deed recites in substance that it is executed for the reason that she, the grantor, was old and infirm and unable to manage her affairs, and that she desired to provide a support for herself in her old age, and states the consideration as natural love and affection, and the covenants contained in it on the part of the grantees.

In addition to the terms of a warranty deed, the instrument (which is signed by all the parties) contains an express covenant on the part of the grantees to pay the grantor four hundred dollars a year during her natural life in quarterly installments; the first to be payable on the first day of January, 1880, and also provides that in the event the grantees fail to perform the promises on their part, it shall be lawful for the grantor "whenever she elects to do so," "to take, repossess and enjoy the property conveyed as in her former estate." She died about the twenty-first day of January, 1880, and administration was granted upon her estate.

The administrator not having put the property in controversy upon his inventory, the appellant (who was a son of his intestate) demanded of him that he should do so and he refused.    Appellant thereupon brought this suit, alleging that he and appellees were the sole heirs of his mother, and sought to have the conveyance set aside and to recover a third interest in the property upon the alleged grounds that, at the time of its execution, the grantor did not have sufficient mental capacity to make such a contract; that it was procured by undue influence on the part of appellees, and that their rights under it had been forfeited by the failure of appellees to pay the installment of one hundred dollars due January 1, 1880.

The case was submitted to a jury upon special issues, and the jury found, among other things, that the grantor was sane at the time the conveyance was executed, and that it was not procured by undue influence.    They also found that the grantees "failed to pay the first installment, but contributed to her necessities," and that "she never revoked the agreement, or repossessed herself of the property."

The first assignment of error, to which our notice is called by the propositions in the brief, is to the effect that the court erred in failing to charge the law as applicable to the special issues

submitted to the jury, and especially in failing to instruct the jury as to the nature and degree of the mental capacity requisite to enable a party to make a valid conveyance.

It is to be remarked that the statement of facts in the record appears to have been filed more than ten days after the adjournment of the court, and that, under the uniform ruling of this court, it can not be considered. In the absence of a statement of facts, the charge will not be reviewed. Besides, if the evidence were such as to require a charge upon the subject of the mental capacity of the grantor of the deed, it was the duty of counsel to have asked a special instruction. If a special charge had been requested and the court had refused it, this would have been error. This assignment, therefore, is not well taken.

It is also insisted that the jury having found that the first installment was not paid, that this worked a forfeiture of the conveyance, and the court should, therefore, have given judgment for the plaintiff. We do not think this deed difficult of construction. It frequently happens that in instruments of like character with the one under consideration it becomes a perplexing problem to determine whether a provision contained in it is a condition or a mere covenant. But, in our opinion, no such question is presented here. The language of the instrument is so clear that we think the intention of the parties to it apparent.

The payment of the several installments as they fell due is made a condition subsequent—enforcable at the grantor's election—that is to say, a condition upon which the grantee's title was subject to forfeiture, if she chose to claim it. Hence, if they failed or refused to make any one of the payments provided for, she had the right either to declare the title forfeited and take possession of the property, or to rely upon the covenant for redress, and demand the money. Forfeitures are never favored, and, since she failed to claim a defeasance of the estate for the breach of the condition, the title remained with the grantees, subject to the payment of the installment which had matured.

It is believed that, notwithstanding a great inequality in the division of the grantor's property among her heirs seems to have resulted from this transaction, the circumstances are such that a court of equity would have relieved against the forfeiture, even if the condition had been absolute. (Walker v. Wheeler, 2 Conn., 299; Stuyvesant v. Davis, 9 Paige Ch. 427; Sanborn v. Woodman, 5 Cush., 36.)

We find, no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered February 1, 1887.