THE A. L. WILSON COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19505. Promulgated November 30, 1931.

*George T. Adams, Esq.,* for the petitioner.
*L. W. Creason, Esq.,* for the respondent.

1058

OPINION.

MATTHEWS: We will first consider the petitioner's allegation that the assessment and collection of the tax for the fiscal year ended January 31, 1918, hereinafter referred to as the taxable year, is barred by the statute of limitations. The return was filed on March 30, 1918; hence, the statutory period for assessment and collection, unless otherwise extended by waivers, expired on March 30, 1923. (Sec. 250(d), Act of 1921.) The respondent, in order to show that the statutory period had not expired, has introduced a series of waivers, the terms and dates of which are fully set forth in our findings of fact. These waivers, if valid, clearly extended the statutory period for assessment and collection to December 31, 1926, which is later than the date of the mailing of the deficiency notice.

The petitioner contends, however, that the waiver dated October 20, 1925, was not effective to extend the limitation period except as to a deficiency in the amount of $160.07, which was the amount determined to be due in the respondent's thirty-day letter of August 28, 1924. Counsel for the petitioner testified that about October 10, 1925, he had a conference with a Mr. Cavanaugh of the Solicitor's office relative to the year in question; that Cavanaugh asked him to have a waiver executed for that year for a deficiency of $162.07; that he wanted to have the tax assessed at once, but Cavanaugh thought it would be a big help if the Department could keep all the years in question in the same file and assess all the taxes at the same time; and that for this reason he had the corporation execute a

waiver for the year " ended January 31, 1918, to cover the additional tax of $162.07 for that year." The waiver referred to, however, clearly provides for the waiving of the time prescribed by law for making *any* assessment of the amount of income, excess-profits or war-profits taxes due under any return made by or on behalf of the taxpayer for the years ended January 31, 1917, 1918, and 1919.

In the case of *Welz & Zerweck, Inc.*, 11 B. T. A. 1416, the petitioner filed consents extending the statutory period for assessment and collection. While the last of these consents was in full force and effect, certain agents of the Commissioner requested further consents for the years 1918 and 1919, and prior years, stating that they were going to recommend the cancellation of the taxes outstanding, but that it was necessary to have the waivers executed and that if the petitioner would sign the waivers they would submit their report, which would undoubtedly be approved and would in effect relieve the petitioner from any additional liability for 1919 taxes. Relying upon this representation, a consent was executed covering the years 1919 to 1921 on the regular income and profits-tax-waiver form. The Commissioner later made a determination and assessed a deficiency in tax for the year 1919. In holding that the assessment was not barred by the statute of limitations, we said:

\* \* \* The petitioner contends that the agents represented to their secretary, the corporate officer who, for the petitioner, executed the consent of October 19, 1925, that consents were not desired for the years 1918 and 1919, but that inasmuch as the agents did not have with them sufficient blanks to prepare a consent for each year one blanket consent would be given which would enable the Commissioner to straighten out deficiencies for all years 1909 to 1921, inclusive. It is further contended that the agents represented that they were recommending to the Commissioner that the petitioner's claims for the years 1918 and 1919 be allowed and that they would undoubtedly be allowed and that the taxes assessed against them for those years would be abated. The consent bearing date of October 19, 1925, makes no reference to such an understanding. It does not except from the period of years covered by the consent the years 1918 and 1919, which could easily have been excepted if the agents or the petitioner had desired to except thereto. A properly executed instrument in writing must be considered to express the intent of the parties signing the same.

It is a well established rule of the common law, which has been embodied in statutes in a number of states, that when any \* \* \* contract, agreement, or undertaking has been reduced to writing, and is evidenced by a document, or series of documents, the contents of such documents cannot be contradicted, altered, added to or varied by parol or extrinsic evidence. (22 C. J. 1070).

The authorities giving expression to the principle are so many as to prohibit any attempt at selective citation. See *Slater* v. *Van Der Hoogt*, 23 App. D. C. 417; *Knight* v. *W. T. Walker Brick Co.*, 23 App. D. C. 519; *Bieber* v. *Gans*, 24 App. D. C. 517; *Brawley* v. *United States*, 96 U. S. 168; *Willard* v. *Tayloe*, 8 Wall. 557. In *Brown* v. *Spofford*, 95 U. S. 474, the Supreme Court said:

> In the absence of fraud, accident, or mistake *the rule is the same in equity as at law*, that *parol evidence of an oral agreement* alleged to have been made at the time of drawing, making or indorsing a bill or note *cannot be permitted to vary, qualify, or contradict, or to add to or subtract from, the absolute terms of the written contract. Forsyth* v. *Kimball*, .91 U. S. 2. (Italics supplied.)

See also *Converse & Co.*, 1 B. T. A. 742; *J. W. Solof*, 1. B. T. A. 776; *Arthur B. Grover*, 3 B. T. A. 508.

The findings of fact state the circumstances under which the consent of October 19, 1925, was given. We think, however, that that evidence is not competent to vary the terms of the consent given. * * *

The instant proceeding presents a somewhat similar situation. The testimony of counsel for the petitioner can not change the terms of the waiver which clearly extends the period for the assessment of the tax. The respondent has the right at any time prior to the expiration of the statutory period of limitations to increase the amount of tax proposed to be assessed. *Austin Co.* v. *Commissioner*, 35 Fed. (2d) 910. The assessment and collection of the tax for the taxable year are not barred by the statute of limitations.

With regard to the remaining assignment of error, that the respondent erred in refusing to grant special assessment, we are of the opinion that the evidence is insufficient to establish the petitioner's claim. Counsel for the petitioner argues that the petitioner is entitled to relief upon the ground of abnormality caused by inadequate salaries paid to officers and by the fact that it borrowed money. The only evidence is the testimony of Key, vice president of petitioner, to the effect that he was told by others that the salaries paid were less than those paid by other similar concerns and that it was necessary for the petitioner to borrow money. There is absolutely no evidence that there was an abnormality, and clearly the petitioner is not entitled to special assessment.

*Judgment will be entered for the respondent.*