### WARE v. COMMISSIONER OF INTERNAL REVENUE.

No. 11808.

Circuit Court of Appeals, Fifth Circuit.

Jan. 29, 1947.

Muckleroy McDonald, of San Antonio, Tex., for petitioner.

Muriel S. Paul and A. F. Prescott, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and Rollin H. Transue, Sp. Atty., both of Bureau of Internal Revenue, both of Washington D. C., for respondent.

Before McCORD, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Petitioner and her husband, residents of Texas, by a contract dated May 1, 1918, conveyed a parcel of improved real estate with a depreciated cost of $14,000. The consideration was $2,500 cash and the obligation to pay to the husband the sum of $150 monthly during his lifetime and to pay thereafter to the petitioner, if she survived him, the same monthly payment during her lifetime. Petitioner and her husband by a second contract dated May 1, 1919, conveyed a second parcel of improved real estate with a depreciated cost of $8,608. The consideration was $2,650 cash and the obligation to pay the husband the sum of $150 monthly during his lifetime and to pay thereafter the petitioner, if she survived him, the same monthly payment during her lifetime.

From the inception of each contract the husband until his death in 1930 and thereafter the petitioner through 1943 received the two monthly installments of $150.

In 1921 the then collector of internal revenue advised that the monthly payments under both contracts did not constitute income but represented returns of purchase price. The collector of internal revenue assessed the community of petitioner and her husband tax deficiencies for net profits on these two transactions in 1918 and 1919. He computed the net profit on each transaction as the sum of the cash payment plus the then value of the monthly payments based on the life expectancy of the petitioner, the younger of the two, less the depreciated cost of the property conveyed. In response to the protest of the husband over these assessed deficiencies, the Commissioner of Internal Revenue, on April 12, 1923, ruled, in part:

"The facts in regard to the sale of property under an annuity contract have been carefully considered, and you are advised that since it was impossible to determine the total sale price, the payments made are regarded as a return of capital and no profit is to be reported until the cost or value of the property has been received. When a return of the capital invested has thus been received by the taxpayer, the payments received by him thereafter will be taxable as income for the year during which received." [1]

Prior to his death in 1930 the husband had collected in monthly installments more than the net depreciated value of each of the parcels of real property so conveyed.

The sole question on this appeal is whether the annual payments of $3,600 received by petitioner in monthly installments under the contracts during the calendar years 1941, 1942, and 1943 are taxable, as held by the Tax Court, as ordinary income under section 22(b) (2) (A) of the Internal Revenue Code or taxable as gains upon the sale

---

[1] The Revenue Code in effect in 1923 permitted recovery of the cost of the annuity before any of the annuity payments were taxable.

or exchange of capital assets under section 117(b) of the Internal Revenue Code.[2]

On this appeal the petitioner urges that the proper way "the transactions could have been handled was to treat each transaction as a sale for cash and an indeterminate number of monthly installments of $150 each, with all receipts being first applied to capital until the adjusted basis of the property was recovered, all receipts thereafter being gain from the sale of property. This was the method adopted by the then Commissioner and, if correct, the gains realized during the years 1941, 1942, and 1943 would be taxable under the provisions of Section 117 of the Internal Revenue Code in effect during each year involved."

To support her contention petitioner cites: Snell v. Commissioner, 5 Cir., 97 F.2d 891; Burnet v. Logan, 283 U.S. 404, 51 S.Ct. 550, 75 L.Ed. 1143, affirming Logan v. Commissioner, 2 Cir., 42 F.2d 193; Commissioner v. Hopkinson, 2 Cir., 126 F.2d 406; and Berryman v. Schumacher, 67 Tex. 312, 3 S.W. 46. No question as to the existence of an annuity contract was involved in these cases.

Every case we can find taxes equal periodical payments for a lifetime given in consideration for the transference of property as annuity payments.

Klein v. Commissioner, 1927, 6 B.T.A. 617, and Guaranty Trust Co. v. Commissioner, 1929, 15 B.T.A. 20, set out this rule and all cases since have followed them.

In Gillespie v. Commissioner, 9 Cir., 1942, 128 F.2d 140, 141, affmg. 43 B.T.A. 399, the contract read, in part:

"* * * The husband and wife do hereby sell * * * to the corporation all of the real and personal property now standing in their names * * *. In consideration thereof, the corporation agrees to pay

---

[2] The pertinent sections of the Code and Regulations are:

Internal Revenue Code—

"Sec. 22 [as amended by Revenue Act of 1942, c. 619, 56 Stat. 798. Sec. 120]. Gross Income.

* * * * * *

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

* * * * * *

"(2) Annuities, etc.

"(A) In general. * * * Amounts received as an annuity under an annuity or endowment contract shall be included in gross income; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity. * * *" 26 U.S.C.A. Int.Rev.Code, § 22 (b) (2) (A).

"§ 117. Capital gains and losses.

"(a) Definitions. As used in this chapter—

* * * * * *

"(b) Percentage taken into account. In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net * * * income: 26 U.S.C.A. Int. Rev.Code, § 117(b).

* * * * *

"50 per centum if the capital asset has been held for more than 24 months."

Treasury Regulations 111—

"Sec. 29.22 (b) (2)-2. Annuities.— Amounts received as an annuity under an annuity or endowment contract include amounts received in periodical installments, whether annually, semiannually, quarterly, monthly, or otherwise, and whether for a fixed period, such as a term of years, or for an indefinite period, such as for life, or for life and a guaranteed fixed period, and which installments are payable or may be payable over a period longer than one year. Such portion of each installment payment of an annuity * * * shall be included in gross income as is not in excess of 3 per cent of the aggregate premiums or consideration paid for such annuity, whether or not paid during the taxable year, divided by 12 and multiplied by the number of months in respect of which the installment is paid. As soon as the aggregate of the amounts received and excluded from gross income equals the aggregate premiums or consideration paid for such annuity, the entire amount received thereafter in each taxable year must be included in gross income. * * *"

to the husband and wife each, respectively, the sum of fifteen thousand \* \* \* dollars per year as long as they respectively live \* \* \*."

The Board of Tax Appeals said:

"We may dispose of the first argument of the petitioner without extended consideration. The contract of May 15, 1929, may not, in our view, be interpreted as an ordinary sale or exchange of capital assets with payment to petitioner extended over several years. The distinguishing peculiarity of an annuity—that its continuance is dependent entirely on the life of the recipient of the payments—is here present. By statute, amounts received under contracts of this nature are made taxable up to a limited degree and the direction of the statute may not be ignored. It can make no difference, in our opinion, that the consideration for the annuity was the transfer of property rather than money, and in this view we are sustained by Klein v. Commissioner, 6 B.T.A. 617, and Guaranty Trust Co. of New York, Executor v. Commissioner, 15 B.T.A. 20."

The Ninth Circuit Court of Appeals said: [3]

"Petitioner (the taxpayer's executor) contends that the contract was not an annuity contract, but was merely a contract whereby the taxpayer and her husband transferred property to the corporation. Actually, it was a contract whereby the taxpayer and her husband transferred property to the corporation and, in consideration thereof, the corporation agreed \* \* \* to pay each of them $15,000 a year for life \* \* \*. We think that, in so far as it related to the payments of $15,000 each to the taxpayer and her husband, this was an annuity contract. Commissioner v. John C. Moore Corporation, 2 Cir., 42 F.2d 186, 188; Continental Illinois Bank & Trust Co. v. Blair, 7 Cir., 45 F.2d 345, 346; Bodine v. Commissioner, 3 Cir., 103 F.2d 982, 984.

"That the contract was not labeled 'annuity contract' is immaterial. Bodine v. Commissioner, supra. Nor is it material that the consideration for the annuity granted by the contract was paid in property instead of cash. Commissioner v. John C. Moore Corporation, supra. It is likewise immaterial, if true, that the corporation was not authorized by law to make an annuity contract; for, whether authorized or not, such a contract was made and payments thereunder were received by the taxpayer. Whether the contract was valid or not we have no occasion now to inquire."

In Commissioner v. John C. Moore Corporation, 2 Cir., 1930, 42 F.2d 186, the taxpayer corporation obtained a conveyance of certain land and buildings from one Hattie Moore, in consideration of its undertaking to pay her $10,000 a year for life. The court said, at page 188:

"We find no difficulty in approving the method employed by the Board in treating the transaction as a sale of an annuity to Mrs. Moore in return for her conveyance of property agreed to be worth $80,000. It is not necessary to predicate the result on the fiction of dividing the sale of the property and the purchase of the annuity, each for $80,000, into two transactions. An annuity writer can accept property for his annuity agreement as well as cash. \* \* \*"

■ These authorities make clear the propositions: (1) Equal periodical payments for life given in consideration for a conveyance of property are taxable as payments under an annuity contract. (2) Although the promise to pay is couched in the terms of a conveyance of property, it is still taxable as an annuity contract, and (3) the failure of the promisor of the periodical payments to qualify under State law to sell annuity contracts does not render the payments less taxable as such.

■■ Petitioner in support of her contention advances these arguments: (1) If the contract had provided a definite number of monthly payments covering a period of time equal to her life expectancy, the payments would be taxed as capital gains. Assuming, for the purpose of argument only, that proposition be true, we cannot change Congress's method of taxing payments under a contract. (2) The tax on

---

[3] Gillespie v. Commissioner, 128 F.2d 140, 142, 143.

the annuity is unconstitutional. Pearce v. Commissioner, 315 U.S. 543, 554, 62 S.Ct. 754, 86 L.Ed. 1016, 1941, upholds its constitutionality. (3) If neither petitioner nor her husband had lived long enough to receive payments equal in sum to the value of the property transferred under the contract, the loss would not be deductible. The legislature's treatment of the loss does not concern us now. (4) The form and language of the instruments executed show that it was the intention of petitioner and her husband to sell and to pass title to the property described, and not to purchase insurance. The form of the contract does not govern the taxability of the payments made under it. Gillespie v. Commissioner, supra. (5) For the persons to whom the properties were conveyed to make annuity insurance contracts would violate the laws of the State of Texas. Assuming, but not deciding, that this contract constituted a violation of Texas laws, the violation would not change the taxability of the payments. Gillespie v. Commissioner, supra.

The judgment appealed from is affirmed.