SMILAY *v.* MARR.

1. VENDOR AND PURCHASER—FORFEITURE—SUFFICIENCY OF NOTICE—
   JURISDICTION.

   Where assignees of vendees' interest in land contract had made
   no payments and were in default, notice of forfeiture stating
   amount due was sufficient to give commissioner jurisdic-
   tion in summary proceedings, and it was unnecessary to state
   time within which past-due payments must be made, since
   there had been no part payment and extension of time by
   acquiescence or lulling to false sense of security.

2. SAME—APPEAL BY HUSBAND ALONE—CASE GOVERNED BY ORDER
   ENTERED.

   Where, in summary proceedings against husband and wife, hus-
   band alone appealed from judgment of restitution and later
   made new contract and entered into stipulation for discon-
   tinuance, whereupon order was entered in circuit court dis-
   continuing case as to husband and returning it to commissioner
   for disposition as to wife, she may not now claim that their
   interests were not severable, that husband's appeal carried
   entire case to circuit, and that discontinuance therein ended
   entire cause, but order entered in circuit governs.

3. SAME—HUSBAND AND WIFE—WIFE DELEGATING POWER TO HUS-
   BAND CHARGED WITH NOTICE OF HIS ACTS—LACHES.

   Nor may wife complain that interest in land contract was held
   by them by entireties and therefore husband alone could not
   make new contract and enter into stipulation for discontin-
   uance, since judgment of restitution was binding on her, and
   in delegating power to him to act for her she is charged with
   knowledge of his acts, and is at least guilty of laches.

Appeal from Wayne; Webster (Arthur), J. Sub-
mitted June 4, 1929. (Docket No. 26, Calendar No.
34,254.) Decided October 7, 1929.

Bill by Maurice D. Smilay and another against
Richard H. Marr and another to reinstate rights

under a land contract. From a decree dismissing bill, plaintiffs appeal. Affirmed.

*Barbour & Martin,* for plaintiffs.

*Slyfield, Hartman & Mercer,* for defendants.

WIEST, J. The bill herein was filed to obtain reinstatement of rights under a land contract, have an accounting of the amount due thereon and an opportunity granted to pay the same. The bill was dismissed in the circuit court for want of equity and laches, and plaintiffs appealed.

The record shows no equity in behalf of Maurice D. Smilay, and we need only determine the rights, if any, of Lillian M. Smilay. The voice of Mrs. Smilay was not heard in the circuit. The plaintiffs are husband and wife, and, November 10, 1922, they owned, by the entireties, certain premises in the city of Detroit. That day they entered into a land contract for the sale of the premises to Arthur R. Kosel. April 28, 1923, plaintiffs conveyed, by warranty deed, their vendors' interest in the premises to Richard H. Marr and Irma B. Marr, defendants herein. July 16, 1923, Arthur R. Kosel, vendee in the land contract, and his wife assigned their contract interest to plaintiffs. Plaintiffs made no payment on the contract, and, December 31, 1923, defendants served a written notice of forfeiture, stating the amount due, but not mentioning time within which to make payment. January 22, 1924, defendants instituted a summary proceeding against plaintiffs and Mr. Kosel before a circuit court commissioner, and upon due service of process obtained a judgment of restitution. From this judgment Mr. Smilay alone took an appeal to the circuit.

April 10, 1924, defendants and Mr. Smilay (therein named Smilansky) entered into an agreement in which Mr. Smilay confessed default in payments under the land contract, paid costs and expenses incurred, surrendered the land contract to a trust company, with power to collect the rents of the premises, agreed that the rents should equal stipulated sums or he would pay the deficiency, and if he failed to do so the trust company should surrender the contract to defendants and all payments thereon should be considered liquidated damages. In pursuance of this agreement Mr. Smilay turned the land contract over to the trust company, and that company accepted the duties.

April 24, 1924, an order was entered in the circuit court in the appeal case, reciting:

"On reading and filing the stipulation between the parties hereto that the above entitled cause be discontinued as to the defendant Maurice D. Smilansky:

"It is ordered, that the above entitled cause be and the same hereby is discontinued as to the defendant, Maurice D. Smilansky.

"And it further appearing that said cause is an appeal taken by the defendant, Maurice D. Smilansky only, from a judgment of the Hon. Samuel L. May, Circuit Court Commissioner, in favor of the plaintiffs, Richard H. Marr and Irma B. Marr, and against the defendant, Maurice D. Smilansky and Lillian M. Smilansky and Arthur R. Kosel:

"It is ordered that the above entitled cause be returned to the Honorable Samuel L. May for disposition as to Lillian M. Smilansky and Arthur R. Kosel."

The same day the circuit court commissioner issued a writ of restitution directing an officer to oust Lillian M. Smilansky and Arthur R. Kosel from the

premises in suit, and place defendants herein in possession. The next day an officer certified that he had dispossessed the parties and placed defendants herein in possession. Mr. Smilay made default in payments under the contract of April 10, 1924, and, in accordance with the terms of the contract, the trust company turned the same over to the defendants herein. Thereafter Maurice D. Smilay filed a bill in the circuit court against the defendants herein and the trust company to be relieved from forfeiture of rights under the contract of April 10th, and, upon hearing, a decree was entered, November 3, 1927, finding the contract was not ambiguous, that the books of the trust company were open at all times to Mr. Smilay, and, upon the introduction of the same in court, Mr. Smilay and his attorney examined the same and pronounced themselves satisfied that the correct amount in default on September 27, 1926, was the sum of $585.85; that on the first day of November, 1927, Mr. Smilay was in default in his payments, under the agreement of April 10, 1924, in the sum of $1,385.85, and which he admitted to be correct; that there had been no waiver by defendants therein; that the parties, through their attorneys, agreed that a decree might be entered in the cause providing for the payment to the trust company, on or before November 23, 1927, of the amount found due and also certain attorney fees, and, upon the failure of Mr. Smilay to pay the amounts ordered within the time fixed, the trust company should surrender the land contract to defendants and thereafter Maurice D. Smilay should "have no right, title or interest in and to said premises or in and to said land contract and lease and that title shall be quieted in Richard H. Marr and Irma B. Marr in and to said premises against any

claims which might be made by said cross-defendant, Maurice D. Smilay.'' No appeal was taken from this decree and no performance of the decree made by Mr. Smilay.

The bill in the case at bar was filed January 18, 1928. Mr. Smilay is an attorney at law and testified that Mrs. Smilay allowed him to handle the business with reference to the land contract.

In behalf of plaintiffs it is claimed that the notice of forfeiture of the land contract did not state a time within which the past-due payments could be made, and, therefore, was void. No payments having been made by plaintiffs thereon, and payments being past due, it was not necessary to state a time within which the past-due payments must be made. We have not here a case of part payment and extension of time by acquiescence or lulling to a false sense of security, but only a plain instance of default and notice thereof and of election. The circuit court commissioner had jurisdiction.

It is also claimed that the land contract was held by the Smilays jointly, their interests were not severable, and the appeal of one carried the entire case to the circuit, and the discontinuance in the circuit ended the entire cause. Mr. Smilay alone appealed, and the record shows that he consented to the dismissal of his appeal, and we must be governed by the order entered in the circuit court rather than by the belated claim now made.

It is also claimed that plaintiffs herein held the land contract interest by the entireties and Mr. Smilay alone could not enter into the contract of April 10th, and such contract was void, and that payments thereon at the time of its making continued the land contract in full force and effect.

We think Mrs. Smilay bound by the judgment of restitution rendered by the circuit court commissioner. Mr. Smilay has no standing in court in this case, for he is estopped by his own acts, and his wife, in delegating power to him to act for her, is charged with knowledge of his acts, and she is, to say the least, guilty of laches.

The decree in the circuit court is affirmed, with costs against plaintiffs.

NORTH, C. J., and FEAD, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.