WALKER *v.* LIND.

1. VENDOR AND PURCHASER—SUMMARY PROCEEDINGS.

Defendants in possession of property described in a land contract in which they were vendees and asserting right to maintain such possession may not, at the same time, claim contract was repudiated by plaintiff vendors in such a way as to be no foundation for summary proceedings by act of one of the vendors in striking vendors' signatures from vendees' copy of the contract.

2. SAME—LAND CONTRACTS—REPUDIATION—SIGNATURES.

Vendors under a land contract may not accomplish a legal repudiation of their contract by merely striking their signatures from vendees' copy to which one of the vendors happened to have access.

3. SAME—NOTICE OF FORFEITURE—SUFFICIENCY.

Notice of forfeiture which stated land contract was being forfeited as it was "in default by reason of the nonpayment of instalments of principal and interest due thereunder" *held,* not ineffective because of failure of preceding notice of intention to forfeit to assign reason for forfeiture where contract gave vendees possession only while contract was not in default, vendors continually pressed for payment and none was made for nine months preceding such notices.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ADMISSIBILITY OF TESTIMONY.

Questions relative to admissibility of testimony concerning certain acts and negotiations of the parties incident to their attempt to adjust differences arising out of land contract are not reviewed on appeal from judgment of ouster where they have no meritorious bearing upon the outcome of the appeal.

Appeal from Wayne; Campbell (Allan), J. Submitted April 9, 1937. (Docket No. 45, Calendar No. 39,256.) Decided May 21, 1937.

Summary proceedings by Gottleib Walker and wife and George S. Francisco and wife against George O. Lind and wife for restitution of property. Judgment of circuit court commissioner for plain-

tiffs.  Defendants appealed to circuit court.  Judgment for plaintiffs.  Defendants appeal.  Affirmed.

*Carl T. Storm* (*Frank B. Ferguson*, of counsel), for plaintiffs.

*Cochran & Crandell*, for defendants.

North, J.  Plaintiffs in this summary proceedings seek to recover possession of real estate originally sold on land contract dated April 9, 1930, to Max Koehler and wife, and assigned by Koehler and wife to defendants on May 26, 1933.  At the time of the assignment there was a balance owing of $5,285.24, with interest from January 9, 1932.  After the purchase of the original vendees' interest by defendants Lind an agreement was entered into between plaintiffs and defendants, dated June 9, 1933, for a reduction of monthly payments from $60 provided in the original contract to $30, same to be effective for a period of at least two years.  This agreement also required the payment of unpaid taxes by July 1, 1933.  In the early part of 1934 defendants defaulted in their payments on the contract and on November 12, 1934, a new contract was drafted providing for the payment of $5,478 in monthly payments of $30 per month for the first year, $40 per month the second year, and thereafter $45.  This contract also required defendants to pay all taxes on the property; to paint the house on or before August 1, 1935; and to procure insurance payable to or to be assigned to plaintiffs.  The contract was left with plaintiffs' attorney for delivery to defendants after the required insurance had been secured.  The monthly payments of $30 were made from November, 1934, to May, 1935.  During all this period the contract remained in the office of the attorney for plaintiffs.  Differences arose between the parties

over insurance and other terms of the contract, and on June 10, 1935, plaintiff George S. Francisco went to his attorney's office, struck out the signatures of plaintiffs and instructed his attorney to send a copy of the contract, with the signatures stricken, to defendants Lind. The copy of this contract was mailed to defendants together with a letter by plaintiffs' counsel advising that his clients would not recognize the contract, but they would be willing to go ahead under the old contract. There was some further correspondence and a meeting in the office of defendants' counsel at which it seems to have been agreed that the last executed contract should continue and defendant should pay $91.34 to bring the contract up to date. Subsequently there was some disagreement as to whether the above amount included the cost of additional insurance; but finally, and on July 29, 1935, Mr. Francisco by letter agreed to accept defendants' offer as made. Notwithstanding this, the payment was not made. Instead Lind demanded the drafting of a new contract and that he be given a discount on the purchase price. Under this record there is no question but that the vendors were continually pressing for payment. At no time did they acquiesce in deferred payments in such a manner as would cause defendants to believe plaintiffs were not expecting and demanding prompt payments of the amounts due them under contract.

Defendants were served with notice of intention to forfeit contract on March 2, 1936, and with notice of forfeiture on March 12, 1936. May 1, 1936, complaint to recover possession was filed. Proceedings were had before a circuit court commissioner, as a result of which a judgment for restitution was rendered. Defendants appealed to the circuit court and the judgment was affirmed. They have now appealed to this court.

Appellants seek to take the position that there was a repudiation of this contract by the act of one of the vendors striking from the vendees' copy of the contract the signatures of the vendors; and that thereafter, the contract being thus abrogated, there was no foundation for summary proceedings. Clearly this position is not tenable. Defendants are in possession of the property described in the contract and asserting a right to maintain such possession. This right by appellants can be asserted only on the theory that the contract has not been repudiated. Appellants cannot take the inconsistent positions which would arise from the contention that they are still rightfully in possession of the property but there is no contract in existence under which they hold. They make no claim of any other justification for their position except that growing out of their rights as vendees under the contract. Further it may be noted that the vendors did not and could not accomplish legal repudiation of the contract by merely striking their signatures from the vendees' copy of the contract to which one of the vendors happened to have access.

Appellants urge that the notice of forfeiture with which they were served is ineffective because it was not preceded by the service of a notice of intention to forfeit which specifically set forth the reason for the contemplated forfeiture. Under the facts here presented this contention cannot be sustained. This case is not one wherein the vendors without complaint accepted numerous belated payments and by so doing lulled the vendees into a sense of security. Instead, the contract here in suit was made between these parties on November 12, 1934, and the monthly payments of $30 were regularly made to May, 1935. Thereafter no payments were made on the contract by the vendees. While there was some subsequent

controversy between these parties as to insurance which the vendors claim the vendees should pay, there was no irregularity in making belated payments on the contract. Instead no payments were made at all after May, 1935. Under such circumstances there could be no question that the vendees knew of their default in this particular. The vendors repeatedly pressed for payment. Nothing had happened which in any way induced the vendees to feel secure in the belief that they were justified in making belated payments. Under such circumstances the vendors had a right to give notice of forfeiture for the nonpayment of the contract installments without any preceding notice of an intention so to forfeit the contract. *Drake* v. *Lippman,* 234 Mich. 80; *August* v. *Collins,* 240 Mich. 23. See, also, *Smilay* v. *Marr,* 248 Mich. 139; *Adams* v. *Madora Land Co.,* 248 Mich. 584. Without quoting in full the notice of forfeiture served upon appellants, it is sufficient to state that it plainly advised the vendees (appellants) that their contract was "in default by reason of the nonpayment of the instalments of principal and interest due thereunder." In substantially the usual form, the contract provided that after November 12, 1934, the appellants should have possession of the contract premises:

"While they shall not be in default on their part, in keeping and fulfilling the terms of this contract, taking and holding such possession hereunder. * * *

"It is also agreed, by and between the parties hereto that if default shall be made by said parties of the second part in any of the payments of principal or interest, at the time, or any of the times hereinbefore specified, * * * in any such case the said parties of the first part shall have the right immediately after such failure to declare this contract void and at an end, and to retain all payments which

shall then have been made hereon, * * * and may take immediate possession of said premises and remove said parties of the second part therefrom."

The notice of forfeiture stated the default and the reason for forfeiture. Under the circumstances of this case it was sufficient without a preliminary notice of intention to forfeit. It placed appellees in position to institute summary proceedings.

Appellants question the admissibility of testimony concerning certain acts and negotiations of the parties incident to their attempt to adjust differences arising out of this contract. The questions thus raised have no meritorious bearing upon the outcome of this appeal.

Appellees' right to the judgment obtained before the commissioner and affirmed in the circuit court conclusively appears. The judgment is affirmed, with costs to appellees.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.